1  DOUGLAS CAIAFA, ESQ.  (State Bar No. 107747)
   DOUGLAS CAIAFA, A Professional Law Corporation
2  11845 West Olympic Boulevard, Suite 1245
   Los Angeles, California 90064
3  (310) 444-5240 - phone; (310) 312-8260 - fax
   dcaiafa@caiafalaw.com
4
   CHRISTOPHER J. MOROSOFF, ESQ. (State Bar No. 200465)
5  LAW OFFICE OF CHRISTOPHER J. MOROSOFF
   77-760 Country Club Drive, Suite G
6  Palm Desert, California 92211
   (760) 469-5986 - phone; (760) 345-1581 - fax
7  cjmorosoff@morosofflaw.com

8  Attorneys for Plaintiffs JAMES HOROSNY
   and JENNIFER PRICE

9

10                 **UNITED STATES DISTRICT COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12                        **WESTERN DIVISION**

13 | JAMES HOROSNY, an individual; | ) | CASE NO.: 2:15-cv-05005 |

14 JAMES HOROSNY, an individual;                    ) CASE NO.: 2:15-cv-05005
   JENNIFER PRICE, an individual; individually )
   and on behalf of all others similarly situated,   ) **CLASS ACTION**
15                                                    )
                                                      ) COMPLAINT FOR:
16                 Plaintiffs,                         )
                                                      ) 1.   UNFAIR BUSINESS PRACTICES
17                 vs.                                 )      (California Business & Professions
                                                      )      Code §17200 et seq.);
18 BURLINGTON COAT FACTORY OF                         ) 2.   FRAUDULENT BUSINESS
   CALIFORNIA, LLC, a California Limited              )      PRACTICES (California Business &
19 Liability Company; and DOES 1 through 100,         )      Professions Code §17200 et seq.);
   inclusive,                                         ) 3.   UNLAWFUL BUSINESS
20                                                    )      PRACTICES (California Business &
                                                      )      Professions Code §17200 et seq.);
21                 Defendants.                         ) 4.   FALSE ADVERTISING (California
                                                      )      Business & Professions Code §17500
22 _____ )             et seq.); and,
                                                      ) 5.   VIOLATION OF CALIFORNIA
23                                                           CONSUMER LEGAL REMEDIES
                                                             ACT (California Civil Code §1750 et
24                                                           seq.)

25                                                           DEMAND FOR JURY TRIAL

26

27

28

                                    -1-
                               COMPLAINT

Comes now Plaintiffs JAMES HOROSNY ("HOROSNY") and JENNIFER PRICE ("PRICE") (collectively referred to herein as "Plaintiffs"), individually and on behalf of all others similarly situated (collectively referred to as "Class Members"), and for causes of action against Defendants and each of them, based upon personal knowledge, information and belief, and investigation of his counsel, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d) (the Class Action Fairness Act of 2005 ("CAFA")) because the amount in controversy exceeds the value of $5,000,000, exclusive of interest and costs, because the class consists of 100 or more putative Class Members, and because at least one putative Class Member is diverse from Defendant BURLINGTON COAT FACTORY OF CALIFORNIA, LLC. ("BURLINGTON" or "Defendant"), a California limited liability company with its principal place of business in Burlington, New Jersey.

2.     This is a civil action brought under and pursuant to California Business & Professions Code §17200, *et seq*. (the Unfair Competition Law or "UCL"), California Business & Professions Code §17500, *et seq*. (the False Advertising Law or "FAL"), and California Civil Code §1750, *et seq*. (the California Consumer Legal Remedies Act or "CLRA").

3.     Venue is proper in the Western Division of the Central District of California because Defendant transacts business, resides, and/or is found in this District, Plaintiff HOROSNY resides in Los Angeles County, California, and the transactions which form the basis of HOROSNY's claims against Defendant occurred in the city of West Hills, in Los Angeles County, California.

4.     The Central District of California has personal jurisdiction over the Defendant named in this action because Defendant is a California limited liability company or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do business, with sufficient minimum contacts in California, with its corporate headquarters and principal place of business in Burlington, New Jersey, and/or otherwise intentionally avails itself of the California market through

the ownership and operation of approximately 61 retail stores within the State of California, such that the exercise of jurisdiction over Defendant by the California courts is consistent with traditional notions of fair play and substantial justice.

5. The Defendant, BURLINGTON, transacts business within the county of Los Angeles, and elsewhere throughout the State of California. The violations of law alleged herein have been carried out within the County of Los Angeles and throughout the State of California.

**INTRODUCTION**

6. This is a consumer protection class action lawsuit against Defendant, which owns and operates a chain of department stores in California known as Burlington Coat Factory ("Burlington") stores, for labeling the products it sells in its California stores with false and/or misleading comparative prices which purport to be prices charged by other merchants for the same products. In its direct marketing to consumers via price tags affixed to products sold in its stores, in-store advertising displays, print advertising, and/or via its internet website (www.burlingtoncoatfactory.com), Defendant advertises, and/or has advertised throughout the period from July 1, 2011, to the present (the "Class Period"), false and/or misleading comparative prices and corresponding false discounts and/or savings for its apparel and other merchandise.

**PARTIES**

7. Plaintiff HOROSNY is, and at all times relevant hereto has been, an individual and a resident of Los Angeles County, California. On over 5 occasions throughout the Class Period, HOROSNY purchased products from Defendant's West Hills, California, Burlington store which were falsely and/or misleadingly labeled as being sold at other retailers for a specific, yet false and/or misleading, comparative price. The marked "Compare" prices for the products which HOROSNY purchased from Defendant were not actual prices that other retailers sold those products for, as alleged more fully herein. HOROSNY purchased products from Defendant throughout the Class Period in reliance on Defendant's false and deceptive advertising, marketing and pricing schemes, which he would not otherwise have purchased absent Defendant's false advertising and pricing

scheme, and HOROSNY has lost money and/or property, and has been damaged as a result.

8.     Plaintiff PRICE is, and at all times relevant hereto has been, an individual and a resident of San Diego County, California.  On over 10 occasions throughout the Class Period, PRICE purchased products from Defendant's San Diego, California, Burlington store on Claremont Mesa Blvd., which were falsely and/or misleadingly labeled as being sold at other retailers for a specific, yet false and/or misleading, comparative price.  The marked "Compare" prices for the products which PRICE purchased from Defendant were not actual prices that other retailers sold those products for, as alleged more fully herein.  PRICE purchased products from Defendant throughout the Class Period in reliance on Defendant's false and deceptive advertising, marketing and pricing schemes, which he would not otherwise have purchased absent Defendant's false advertising and pricing scheme, and PRICE has lost money and/or property, and has been damaged as a result.

9.     Plaintiffs are informed and believe, and on that basis allege, that Defendant BURLINGTON COAT FACTORY, LLC (hereinafter "BURLINGTON" or "Defendant") is a California limited liability company, organized under the laws of the state of California and licensed by the California Secretary of State to conduct business in the state of California, and which does conduct substantial business on a regular and continuous basis in the state of California.  Defendant's principal place of business is in Burlington, New Jersey.

10.    The true names and capacities of the defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs who therefore sue such defendants under fictitious names.  Plaintiffs are informed and believe, and on that basis allege, that these defendants, DOES 1 through 100, are in some manner or capacity, and to some degree, legally responsible and liable for the damages of which Plaintiffs complain.  Plaintiffs will seek leave of Court to amend this Complaint to set forth the true names and capacities of all fictitiously-named defendants within a reasonable time after they become known.

## FACTUAL ALLEGATIONS

11.     Defendant owns and operates approximately 61 Burlington stores throughout the state of California.

12.     Unless otherwise stated, on each and every day throughout the Class Period Defendant committed each and every act alleged in paragraphs 13 through 69.

13.     During the Class Period Defendant routinely and systematically made untrue and misleading comparative advertising claims about the prices of its products.

14.     Defendant compared the prices of its products, labeled as the "Our Low Price," with higher prices supposedly charged by other merchants for the same products.  Defendant labeled those higher comparative prices as the "Compare" prices for those products.

15.     The price tags placed by Defendant on the products it sells to consumers in its California Burlington stores include, and have included, that price at which Defendant offered the particular product to consumers - called the "Our Low Price."  The price tags also include, and have included, a different, and higher price representing the price at which other merchants supposedly sell the same product - called the "Compare" price.  The Compare price, however, is, and has been throughout the Class Period, false, deceptive, and/or misleading.

16.     In advertising the "Compare" price for a product, Defendant was not actually presenting the prevailing market price for that product, i.e. the price at which other merchants were selling the identical product.  Rather, Defendant used vague, misleading, and/or subjective measures to inflate the comparative prices, and thus artificially increase the discounts it claimed to be offering consumers.

17.     The price tags on Defendant's products simply present a "Compare" price to the consumer to compare to the significantly lower "Our Low Price," with no other definition or explanation of what the "Compare" price is.  In addition, many products at Defendant's Burlington stores in California have an additional price tag which advertises a supposed, yet false, "retail," "suggested retail," or "MSRP" price alongside the Burlington price tag.

/ / /

18.     The following pictures are examples of Defendant's comparative pricing scheme:

 

19.     Defendant provides no explanation to consumers on its price tags, or anywhere near the products being offered for sale, of what the "Compare" price actually represents.

20.     Except for those items that are accompanied by a supposed retail or "suggested retail" price tag, consumers have no way of knowing what Defendant's "Compare" price actually represents.

21.     For those items that are accompanied by a supposed "retail," "suggested retail," or "MSRP" price tag, along with Defendant's standard "Compare" / "Our Low Price" tag, Defendant's comparative price advertising suggests that the items regularly retail at the listed "retail," "suggested retail," or "MSRP" price.

22.     The FTC Guides Against Deceptive Pricing ("Pricing Guides"), 16 C.F.R. §233.2, provide rules for merchants such as Defendant that claim "to offer goods at prices lower than those being charged by others for the same merchandise in the advertiser's trade area."

23.     The FTC Pricing Guides require that when a merchant such as Defendant uses advertising that compares its prices to higher comparative prices for the same merchandise, "the advertised higher price must be based on fact, and not be fictitious or misleading."

"Whenever an advertiser represents that he is selling below the prices being

charged in his area for a particular article, he should be reasonably certain that the

higher price he advertises does not appreciably exceed the price at which

substantial sales of the article are being made in the area - that is, a sufficient

number of sales so that a consumer would consider a reduction from the price to

represent a genuine bargain or saving."

24.     Plaintiffs are informed and believe, and on that basis allege, that the prices which

Defendant advertises, and has advertised, as "Compare" prices are not based on fact, are

fictitious, and/or are misleading.

25.     Plaintiffs are informed and believe, and on that basis allege, that when Defendant

advertised prices as "Compare" prices on the price tags of items sold in its California

Burlington stores, Defendant was not reasonably certain that the higher price it advertised

did not appreciably exceed the price at which substantial sales of the items were being

made in the area.

26.     Where the advertiser's comparison price is purportedly based on prices being charged for

similar products, "for other merchandise of like grade and quality - in other words,

comparable or competing merchandise - to that being advertised," the FTC Pricing

Guides require that the advertiser makes "clear to the consumer that a comparison is

being made with other merchandise and the other merchandise is, in fact, of essentially

similar quality and obtainable in the area."  In such a case of comparison pricing to

purportedly similar products:

"The advertiser should, however, be reasonably certain, just as in the case of

comparisons involving the same merchandise, that the price advertised as being

the price of comparable merchandise does not exceed the price at which such

merchandise is being offered by representative retail outlets in the area."

27.     Plaintiffs are informed and believe, and on that basis allege, that the price advertised by

Defendant as the "Compare" price for many of the items sold at Defendant's California

Burlington stores was a price that Defendant alleges to be the price of similar items.

28. Plaintiffs are informed and believe, and on that basis allege, that when Defendant's "Compare" price allegedly referred to the price of similar items, Defendant did not make clear to consumers that the comparison was being made to products of similar quality and/or style.

29. Plaintiffs are informed and believe, and on that basis allege, that when Defendant's "Compare" price allegedly referred to the price of similar items, Defendant was not reasonably certain that the "Compare" price did not exceed the price at which similar merchandise was offered by representative retail outlets in the area.

30. Where the advertiser's comparison price is purportedly based on a "suggested retail" price, or manufacturer's suggested retail price ("MSRP"), the FTC Pricing Guides provide as follows:

"Many members of the purchasing public believe that a manufacturer's list price, or suggested retail price, is the price at which an article is generally sold. Therefore, if a reduction from this price is advertised, many people will believe that they are being offered a genuine bargain. To the extent that list or suggested retail prices do not in fact correspond to prices at which a substantial number of sales of the article in question are made, the advertisement of a reduction may mislead the consumer."

31. With respect to advertised "retail" prices, "suggested retail" prices, or "MSRPs," the FTC Pricing Guides provide:

"[t]he widespread failure to observe manufacturer's suggested or list prices, and the advent of retail discounting on a wide scale, have seriously undermined the dependability of list prices as indicators of the exact prices at which articles are in fact generally sold at retail. . . . Today, only in the rare case are all sales of an article at the manufacturer's suggested retail or list price."

32. According to the FTC Pricing Guides, an advertised retail price, suggested retail price, or MSRP:

"[w]ill not be deemed fictitious if it is the price at which substantial (that is, not

isolated or insignificant) sales are made in the advertiser's trade area (the area in which he does business). Conversely, if the list price is significantly in excess of the highest price at which substantial sales in the trade area are made, there is a clear and serious danger of the consumer being misled by an advertised reduction from this price. . . . A retailer competing in a local area has at least a general knowledge of the prices being charged in his area. Therefore, before advertising a manufacturer's list price as a basis for comparison with his own lower price, the retailer should ascertain whether the list price is in fact the price regularly charged by principal outlets in his area."

33.    Plaintiffs are informed and believe, and on that basis allege, that the advertised retail prices, suggested retail prices, and/or MSRPs that Defendant advertised for its products sold in its California Burlington stores throughout the Class Period were not prices at which substantial sales of those products were made in the relevant trade area(s).

34.    Plaintiffs are informed and believe, and on that basis allege, that the advertised retail prices, suggested retail prices, and/or MSRPs that Defendant advertised for its products sold in its California Burlington stores throughout the Class Period were significantly in excess of the highest prices at which substantial sales of those products were made in the relevant trade areas(s).

35.    Plaintiffs are informed and believe, and on that basis allege, that Defendant did not ascertain whether the retail prices, suggested retail prices, and/or MSRPs that Defendant advertised for its products sold in its California Burlington stores throughout the Class Period were in fact the prices regularly charged by principal outlets in the relevant area(s).

36.    Defendant's depiction of prices, as described herein, falsely represented to consumers that the "Compare" price was the price at which the product typically sold in the marketplace, from which Defendant offered a discount, with the purported discounted price represented as the "Our Low Price."

37.    Plaintiffs are informed and believe, and on that basis allege, that even if and when a comparison price may have represented an actual "recent documented selling price" of

the same product (as opposed to the supposed price of a "similar" product, or a product of similar quality, or with a similar style), Defendant chose the highest price at which the product was selling in the marketplace, and presented that price to consumers as the "Compare" price for that product.

38. Plaintiffs are informed and believe, and on that basis allege, that Defendant's untrue and misleading representations accompanied virtually every product sold in its California stores throughout the Class Period, and that Defendant is still making such untrue and misleading comparative price claims for many of the products in its California Burlington stores.

39. Defendant has routinely and systematically made untrue and misleading comparative advertising claims about the prices which other merchants charge for the identical products offered by Defendant.

40. Plaintiffs are informed and believe, and on that basis allege, that often Defendant has not determined or verified the prices other merchants charge for the identical products it sells. Rather, Defendant has used various misleading methods to make up its own prices which it claims other merchants charge for those products, and then claims that its own prices are significantly lower than those "Compare" prices.

41. Plaintiffs are informed and believe, and on that basis allege, that Defendant has advertised comparative prices which do not exist.

42. Plaintiffs are informed and believe, and on that basis allege, that Defendant has made up prices supposedly charged by other merchants.

43. Defendant knew or should have known that its representations concerning other merchants' prices for identical products were untrue and/or misleading.

44. Defendant's representations were likely to mislead consumers into believing that Defendant's prices were significantly lower than the prices offered by other merchants for the identical products, and that consumers would enjoy significant savings by purchasing those products from Defendant instead of from other merchants.

45. Defendant's false and/or misleading comparative pricing representations made it more

likely that consumers would purchase particular products from Defendant.  For some products, Defendant's misleading claims of a huge discount were likely to persuade consumers who were not inclined to purchase the product at all to buy it from Defendant solely because they were misled into believing that they were getting an unusually good deal.

46.  Defendant's misrepresentations about its pricing were likely to mislead consumers into believing that Defendant's prices would always be significantly lower than the prices offered by other merchants for the identical products.  In fact, Defendant advertised throughout the Class Period that its prices were "always" up to 60% lower than other merchants.  Such misrepresentations were likely to discourage consumers from making the effort to search elsewhere for lower prices.

47.  Defendant misrepresented the existence, nature and amount of price discounts by purporting to offer specific dollar discounts from expressly referenced comparative prices, which were misrepresented as "Compare" prices.  These purported discounts were false, however, because the referenced comparative prices were fabricated and did not represent true comparative prices for identical products sold by other merchants.  Furthermore, the advertised "Compare" prices were not the prevailing market retail prices for the products sold by Defendant.

48.  Plaintiffs are informed and believe, and on that basis allege, that the alleged comparative prices affixed to each item at Defendant's California Burlington stores at all relevant times throughout the Class Period were false prices and not true prices that other merchants had sold any such item for at any time during the time that such item was marked with the alleged "Compare" price.

49.  Defendant has engaged in a company-wide, pervasive and continuous campaign of falsely claiming that each of its products sold at a far higher price by other merchants in order to induce Plaintiffs and all Class Member to purchase merchandise at a purportedly marked-down "Our Low Price."  Because such practices are misleading, yet effective, California law prohibits them.

50.   Plaintiffs are informed and believe, and on that basis allege, that Defendant's false comparative price advertising scheme, disseminated to California consumers via representations on price tags, as well as in-store advertising, print advertising, and/or internet advertising, has been rampant throughout California as part of a massive, years-long, pervasive campaign and has been consistent across all of Defendant's apparel and other merchandise at all of its Burlington stores throughout California.  For example, Defendant's pricing scheme has throughout the Class Period been prominently displayed directly on the price tag of each item sold, with express references to alleged comparative retail prices that have never existed and/or do not, and/or did not then, currently constitute the prevailing market retail prices for such apparel and/or other merchandise.

51.   Plaintiffs and all other Class Members were each exposed to Defendant's false, untrue, deceptive and/or misleading comparative price advertising as described herein.

52.   Plaintiffs are informed and believe and on that basis allege, that tens of thousands, if not hundreds of thousands, of California consumers have been victims of Defendant's deceptive, misleading and unlawful pricing scheme.

53.   Defendant knows and has known, should reasonably know, or should have known, that its comparative price advertising scheme is, and has been, false, deceptive, misleading, unfair and/or unlawful under California law.

54.   Defendant has fraudulently concealed from, and intentionally failed to disclose to, Plaintiffs and other Class Members the truth about its alleged comparative prices.

55.   At all times relevant herein, Defendant has been under a duty to Plaintiffs and all other Class Members to disclose the truth about its alleged "Compare" prices.

56.   The facts that Defendant misrepresented and/or failed to disclose are material facts that a reasonable person would have considered material; i.e., facts that would contribute to a reasonable person's decision to purchase apparel and/or other merchandise offered for sale by Defendant.  Defendant's false representations of discounts from false comparative prices, and false representations of purported savings, discounts and/or bargains, are objectively material to the reasonable consumer, and therefore reliance upon such

representations may be presumed as a matter of law.

57. Plaintiffs each relied upon Defendant's false, deceptive and/or misleading representations of comparative prices and false representations of purported savings, discounts and bargains when purchasing apparel and other merchandise from Defendant's Burlington stores in West Hills and San Diego, California.

58. Plaintiffs and all other Class Members reasonably and justifiably acted and relied to their detriment on Defendant's false, deceptive and/or misleading comparative price advertising, and/or Defendant's failure to disclose, and concealment of, the truth about Defendant's false comparative price advertising scheme, in purchasing apparel and other merchandise at Defendant's Burlington stores throughout California.

59. Defendant intentionally concealed and failed to disclose the truth about its misrepresentations and false comparative price advertising scheme for the purpose of inducing Plaintiffs and other Class Members to purchase apparel and other merchandise at each of Defendant's Burlington stores throughout California.

60. Through its false and deceptive marketing, advertising and pricing scheme, Defendant has violated, and continues to violate, California law which prohibits advertising goods for sale at a discount when compared to false prices at which other merchants purportedly sell the goods, and prohibits misleading statements about the existence and amount of comparative prices.  Specifically, Defendant has violated, and continues to violate, the UCL, the FAL, the CLRA, and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)), and specifically prohibits false advertisements (15 U.S.C. §52(a)).

61. Under the FTCA, advertising must be truthful and non-deceptive, advertisers such as Defendant must have evidence to back up their claims, and advertisements cannot be unfair.  An advertisement is deceptive, according to the FTC, if it contains a misstatement or omits information that is likely to mislead consumers acting reasonably under the circumstances, and the statement or omitted information is material - that is, important to a consumer's decision to buy or use the product.

62. A reasonable consumer would interpret Defendant's "Compare" price as the price at which a substantial number of vendors are selling the identical product.

63. Plaintiffs are informed and believe, and on that basis allege, that Defendant was often ignorant of the price at which other merchants were selling the identical products to consumers, and that Defendant did not know whether the "Compare" price it advertised accurately reflected the price at which the product was typically offered in the marketplace.

64. Plaintiffs are informed and believe, and on that basis allege, that Defendant failed to verify that its "Compare" price for its products did not exceed the price at which substantial sales of the product were being made in the marketplace.

65. The result of Defendant's ignorance of the accuracy of its "Compare" prices, and its failure to verify that accuracy, was that consumers were misled into believing that they were receiving substantial savings on the purchase of Defendant's products when compared to prices charged for those same products at other retailers.  Plaintiffs are informed and believe, and on that basis allege, that consumers were on occasion misled into paying more for Defendant's products than they would have paid for identical products sold by other merchants.

66. In those circumstances where Defendant believed that there was no comparable price for the product sold , Defendant could have refrained from advertising a "Compare" price and allowed consumers to do their own comparative shopping to decide whether the product offered sufficient value at the "Our Low Price."  Defendant's decision to advertise a price which did not actually exist was likely to deceive consumers by representing that the marketplace had assigned a retail price to that product, and that Defendant's discount off that retail price made Defendant's price attractive.  Defendant's representation of the "Compare" price as an actual price being charged for that product was unlawful, unfair, and/or fraudulent.

67. Defendant knew or should have known that creating either a fictitious or inflated "Compare" price to create either a fictitious or inflated discount or savings, was unlawful.

68. The use of the term "Compare" by Defendant on the price tags of the products sold in its California stores constituted the dissemination of an untrue and misleading statement to consumers about the price of the product so listed as compared with the prices offered by other merchants for the same product. Defendant knew, or by the exercise of reasonable care should have known, that those statements were untrue, deceptive, and/or misleading. Each such statement constitutes, and has constituted, a separate violation of California Business & Professions Code §17500. Each such statement also violates, and has violated, California Civil Code §1750(a)(13).

69. Plaintiffs, individually and on behalf of all others similarly situated, seek restitution and injunctive relief under the UCL, FAL and CLRA to stop Defendant's pervasive and rampant false and misleading advertising and marketing campaign.

## PLAINTIFFS' PURCHASES

70. Plaintiff HOROSNY purchased numerous products throughout the Class Period from Defendant's Burlington store in West Hills, California, in reliance on Defendant's false advertising and false price comparisons, which he would not otherwise have purchased but for Defendant's false advertising and false price comparison scheme as described herein.

71. For example, and without limitation, on October 23, 2014, HOROSNY purchased 9 products from Defendant's West Hills, California, Burlington store for a total cash payment of $158.94. Each of the 9 products purchased by HOROSNY on October 23, 2014, was affixed with a price tag which contained the untrue, deceptive, and/or misleading "Compare" price representations discussed herein. A copy of the receipt for HOROSNY's purchases on October 23, 2014, is presented here:

/ / /

/ / /

/ / /

/ / /

/ / /



72.  In addition to HOROSNY's purchase on October 23, 2014, HOROSNY made numerous other purchases of products from Defendant's West Hills, California, Burlington store throughout the Class Period.  With respect to each such purchase, including the October 23, 2014, purchase, HOROSNY purchased those products from Defendant after viewing and relying on Defendant's advertising which included false and/or misleading comparison prices placed on the price tags of the items which HOROSNY purchased. Plaintiffs are informed and believe, and on that basis allege, that the comparison prices, and the corresponding price reductions and/or savings, were false and deceptive. Plaintiffs are further informed and believe, and on that basis allege, that the prevailing retail prices for the items that he purchased from Defendant were materially lower than the "Compare" prices advertised by Defendant.  HOROSNY would not have purchased any such product from Defendant in the absence of Defendant's false, and/or deceptive, and/or misleading advertising, and/or misrepresentations.

73.  Plaintiff PRICE purchased numerous products throughout the Class Period from Defendant's Burlington store on Claremont Mesa Blvd., in San Diego, California, in reliance on Defendant's false advertising and false price comparisons, which she would not otherwise have purchased but for Defendant's false advertising and false price

comparison scheme as described herein.

74. With respect to each such purchase, PRICE purchased those products from Defendant after viewing and relying on Defendant's advertising which included false and/or misleading "Compare" comparison prices placed on the price tags of the items which PRICE purchased.  Plaintiffs are informed and believe, and on that basis allege, that the "Compare" comparison prices, and the corresponding price reductions and/or savings, were false and deceptive.  Plaintiffs are further informed and believe, and on that basis allege, that the prevailing retail prices for the items that PRICE purchased from Defendant were materially lower than the "Compare" prices advertised by Defendant. PRICE would not have purchased any such product from Defendant in the absence of Defendant's false, and/or deceptive, and/or misleading advertising, and/or misrepresentations.

## CLASS ACTION ALLEGATIONS

75. Plaintiffs brings this action on behalf of themselves and on behalf of all other persons similarly situated (the "Class" or "Class Members"), namely:

All persons who, while in the State of California, and between July 1, 2011, and the present (the "Class Period"), purchased from BURLINGTON one or more items at any Burlington store in the State of California with a price tag that contained a "Compare" price which was higher than price listed as "Our Low Price" on the price tag, and who have not received a refund or credit for their purchase(s).  Excluded from the Class are Defendant, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of BURLINGTON.

76. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, among other things, changing circumstances and/or new facts obtained during discovery.

77. Each member of the proposed Class herein has been exposed to Defendant's false and/or

misleading pricing and advertising scheme.

78. Plaintiffs are and have been members of the proposed Class described herein.

79. The number of persons in the proposed Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believe, and on that basis alleges, that the proposed Class herein includes over 100,000 persons.

80. Common questions of law and/or fact exist in this case with respect to the proposed Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

81. This case presents a number of common questions of law and/or fact which drive the resolution of the claims of Plaintiffs and all other Class Members.

82. The common questions of law and/or fact include, but are not limited to:

    a.     Whether, during the Class Period, Defendant used false and/or misleading "Compare" prices on the price tags of items sold in its California Burlington stores, and whether Defendant falsely advertised comparative price discounts on its apparel and/or other merchandise;

    b.     Whether, during the Class Period, the "Compare" prices advertised by Defendant were in fact the prevailing market prices for the respective identical items sold by other retailers in the marketplace at the time of the dissemination and/or publication of the advertised "Compare" prices;

    c.     Whether Defendant's price-comparison advertising scheme was false, deceptive or misleading within the meaning of the UCL, FAL, and/or CLRA;

    d.     Whether Defendant made false, deceptive or misleading statements in its advertisements;

    e.     Whether Defendant's comparative price advertising as described herein was likely to deceive a reasonable consumer and/or members of the public;

    f.     Whether Defendant's statements regarding its pricing were material to Plaintiffs'

purchasing decisions;

g.   How to calculate the prevailing market price for products sold in Defendant's California Burlington stores;

h.   Whether Defendant's "Compare" prices equaled prevailing market prices;

i.   Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices under California law;

j.   Whether Defendant misrepresented and/or failed to disclose material facts about its product pricing and discounts;

k.   Whether Defendant has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

l.   Whether Defendant's conduct, as alleged herein, was intentional and knowing;

m.   Whether Class Members are entitled to damages and/or restitution; and, if so, what amount of revenues and/or profits Defendant received, and what amount of money is and/or was lost by Class Members as a result of the conduct alleged herein; and,

n.   Whether Defendant continues to use false, misleading and/or illegal price comparisons such that an injunction is necessary.

83.   Plaintiffs' claims and those of all other members of the proposed Class arise out of a common course of conduct by Defendant.

84.   All Class Members, including Plaintiffs, were exposed to one or more of Defendant's misrepresentations or omissions of material fact claiming that comparative advertised prices were in existence.  Due to the scope and extent of Defendant's consistent false price advertising scheme, disseminated in a massive, years-long campaign to California consumers via its false and/or misleading "Compare" prices placed on the price tags of the products sold in its California Burlington stores, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class Members, including Plaintiffs, affirmatively acted in response to the representations contained in

1    Defendant's false comparative price advertising scheme when purchasing apparel and/or

2    other merchandise at each and any of Defendant's Burlington stores in California.

3    85.   The common questions of law and/or fact in this case are susceptible to common proof.

4    86.   Resolution of the common questions of law and/or fact in this case will resolve issues that

5          are central to the claims of Plaintiffs and all other Class Members.

6    87.   The claims of Plaintiffs and all Class Members involve the same untrue, deceptive, and/or

7          misleading representations by Defendant conveyed to each Class Member by way of

8          representations on the price tags of each product sold to each Class Member.

9    88.   Each Class Member's claim, including those of Plaintiffs, alleges that Defendant's price

10         tags convey an untrue, deceptive, and/or misleading representation that the price at which

11         Defendant offered a product was lower compared to a fictitious, deceptive, or misleading

12         "Compare" price.

13   89.   Common proof in this case will produce a common answer as to whether Defendant's

14         price-comparison advertising resulted in false, deceptive, or misleading price

15         comparisons.

16   90.   Common proof will resolve the common questions essential to resolution of the Class

17         claims in this case in one stroke for all Class Members.

18   91.   The claims of the named Plaintiffs in this case are typical of, and not antagonistic to,

19         those of the other Class Members which they seek to represent.  Plaintiffs and the Class

20         they seek to represent have all been exposed to and deceived (or were likely to be

21         deceived) by Defendant's false comparative price advertising scheme, as alleged herein.

22   92.   The crux of Plaintiffs' claims - that Defendant engaged in a massive, years-long,

23         pervasive false, deceptive, and/or misleading advertising campaign that was consistent

24         across all of the products sold in each of Defendant's California Burlington stores - is

25         common to all Class Members.

26   93.   Plaintiffs and all Class Members have suffered the same or similar injury.

27   94.   Plaintiffs' claims, and those of all Class Members, are based on conduct which is not

28         unique to either Plaintiff.

-20-
COMPLAINT

95.  Plaintiffs and all Class Members have been injured by the same common course of conduct as alleged herein.

96.  Disposition of Plaintiffs' claims in a class action will benefit all parties and the Court.

97.  A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

98.  If individual Class Members were each required to bring his or her own individual claims, any potential recovery be any such Class Member would be dwarfed by the cost of litigating on an individual basis.

99.  In this case, Plaintiffs seek to recover relatively small sums for themselves and all other Class Members.  Accordingly, the disparity between the cost of litigating individual claims and the individual recoveries sought make individual claims highly unlikely, if not impossible.  Litigation costs would render individual prosecution of Class Members' claims prohibitive.  In cases such as this, where the individual recoveries sought by each Class Member are relatively small and eclipsed by the cost of litigating an individual claim, a class action is the only method by which Class Members may hope to resolve their claims.  The realistic alternative to a class action in this case is not a multitude of individual suits, but zero individual suits because of the cost of litigation.

100.  A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' and Class Members' claims.  Because of the relatively modest size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress of the wrongs complained of herein on an individual basis.  Absent the class action, Class Members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant will be permitted to retain the proceeds of its misdeeds and continue its unlawful conduct.

101.  Any Class Member who truly wishes to control his or her own litigation may opt out of the Class proposed herein.

102.  The prosecution of separate actions by individual members of the proposed Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual

members of the proposed Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the proposed Class herein which would, as a practical matter, be dispositive of the interests of other members of the proposed Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

103. Plaintiffs are each adequate representatives of the Class because each is a member of the Class and their interests do not conflict with the interests of the Class Members they seek to represent.  Plaintiffs will fairly and adequately represent and protect the interest of the Class because they are not antagonistic to the Class.  Plaintiffs have no conflict of interest with any other Class Member.  Plaintiffs have retained counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation.  Plaintiffs and their counsel will prosecute this action vigorously on behalf of the Class.

104. Plaintiffs are informed and believe, and on that basis allege, that Defendant keeps extensive computerized records of its customers through, among other things, customer loyalty programs, email lists, and general marketing programs.  Plaintiffs are informed and believe, and on that basis allege, that Defendant has one or more databases through which a significant majority of Class Members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## **FIRST CAUSE OF ACTION**

### **UNFAIR BUSINESS PRACTICES**

(California Business & Professions Code §17200 *et seq.*)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public)

105. Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 104 of this Complaint.

106. The UCL defines unfair business competition to include any "unlawful, unfair or

fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code §17200.

107.   A business act or practice is "unfair" under the UCL if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

108.   Defendant has violated the "unfair" prong of the UCL by representing false comparative prices and corresponding price discounts and/or savings for its apparel and other merchandise where Defendant, in fact, inflated, estimated, or fabricated the purported "Compare" prices for such products, and failed to disclose to consumers that such "Compare" prices were inflated, estimated, or fabricated, such that the promised discount and/or saving was false, misleading and/or deceptive.

109.   These acts and practices were unfair because they caused Plaintiffs, and were likely to cause reasonable consumers, to falsely believe that Defendant is, and has throughout the Class Period been, offering value, discounts or bargains from the prevailing market price, value or worth of the products sold that did not, in fact, exist.  As a result, purchasers, including Plaintiffs, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid.  This perception has induced reasonable purchasers, including Plaintiffs, to buy such products, which they otherwise would not have purchased.

110.   In deciding to purchase apparel and other merchandise at Defendant's Burlington stores, Plaintiffs relied on Defendant's misleading and deceptive representations regarding its supposed "Compare" prices.  Each of these factors played a substantial role in Plaintiffs' decisions to purchase those products, and Plaintiffs would not have purchased those items in the absence of Defendant's misrepresentations.  Accordingly, Plaintiffs suffered monetary loss as a direct result of Defendant's unlawful practices described herein.

111.   The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighed any conceivable reasons, justifications and/or motives of Defendant for engaging in such deceptive acts and practices.  By committing the acts and practices

1    alleged above, Defendant engaged in unfair business practices within the meaning of

2    California Business & Professions Code §17200, *et seq*.

3    112.   Through its unfair acts and practices, Defendant has improperly obtained money from

4           Plaintiffs and all other Class Members.  As such, Plaintiffs request that this Court cause

5           Defendant to restore this money to Plaintiffs and all Class Members, and to enjoin

6           Defendant from continuing to violate the UCL as discussed herein and/or from violating

7           the UCL in the future.  Otherwise, Plaintiffs, the Class and members of the general public

8           may be irreparably harmed and/or denied an effective and complete remedy if such an

9           order is not granted.

10                              **SECOND CAUSE OF ACTION**

11                          **FRAUDULENT BUSINESS PRACTICES**

12                   (California Business & Professions Code §17200 *et seq*.)

13    (By Plaintiffs on behalf of themselves and all others similarly situated, and the general public)

14    113.   Plaintiffs re-allege and incorporate by reference, as though fully set forth herein,

15           paragraphs 1 through 112 of this Complaint.

16    114.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members

17           of the consuming public.

18    115.   Defendant's false comparative prices, including, but not limited to, its "Compare" prices

19           placed on the price tags of the products sold in its California Burlington stores, were

20           "fraudulent" within the meaning of the UCL because they deceived Plaintiffs, and were

21           likely to deceive reasonable consumers and members of the Class, into believing that

22           Defendant was offering value, discounts or bargains from the prevailing market price,

23           value or worth of the products sold that did not, in fact, exist.  As a result, purchasers,

24           including Plaintiffs, reasonably perceived that they were receiving products that regularly

25           sold in the retail marketplace at substantially higher prices (and were, therefore, worth

26           more) than what they paid.  This perception induced reasonable purchasers, including

27           Plaintiffs, to buy such products from Defendant's Burlington stores in California, which

28           they otherwise would not have purchased.

116.    Defendant's acts and practices as described herein have deceived Plaintiffs and were highly likely to deceive reasonable members of the consuming public.  Specifically, in deciding to purchase apparel and other merchandise at Defendant's Burlington stores, Plaintiffs relied on Defendant's misleading and deceptive representations regarding its supposed "Compare" prices.  Each of these factors played a substantial role in Plaintiffs' decisions to purchase those products, and Plaintiffs would not have purchased those items in the absence of Defendant's misrepresentations.  Accordingly, Plaintiffs suffered monetary loss as a direct result of Defendant's unlawful practices described herein.

117.    As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiffs and members of the proposed Class.  Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and/or deceptive conduct.

118.    Through its fraudulent acts and practices, Defendant has improperly obtained money from Plaintiffs and all other Class Members.  As such, Plaintiffs request that this Court cause Defendant to restore this money to Plaintiffs and all Class Members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future.  Otherwise, Plaintiffs, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## THIRD CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES

(California Business & Professions Code §17200 *et seq*.)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public)

119.    Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 118 of this Complaint.

120.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

121.    The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15

1    U.S.C. §45(a)(1)) and specifically prohibits false advertisements.  15 U.S.C. §52(a)).

2    122.   Cal. Civ. Code §1770(a)(13), prohibits a business from "[m]aking false or misleading

3    statements of fact concerning reasons for, existence of, or amounts of price reductions."

4    123.   Defendant's use of and reference to a materially false "Compare" price on the price tags

5    of its apparel and other merchandise sold to consumers in its California Burlington stores

6    violated and continues to violate the FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a), as

7    well as FTC Price Guides published at Title 16, Code of Federal Regulations, §233.  It

8    also violated and continues to violate Cal. Bus. & Prof. Code §§17200 and 17501, and

9    Cal. Civ. Code §1770(a)(13), by advertising false comparative prices that were, in fact,

10   not the prevailing market prices at other retailers in the marketplace at the time of the

11   publication and dissemination of the advertisements containing the false comparative

12   prices.

13   124.   As a result of the conduct described above, Defendant has been unjustly enriched at the

14   expense of Plaintiffs and members of the proposed Class.  Specifically, Defendant has

15   been unjustly enriched by obtaining revenues and profits that it would not otherwise have

16   obtained absent its false, misleading and deceptive conduct.

17   125.   Through its unfair acts and practices, Defendant has improperly obtained money from

18   Plaintiffs and all other Class Members.  As such, Plaintiffs request that this Court cause

19   Defendant to restore this money to Plaintiffs and all Class Members, and to enjoin

20   Defendant from continuing to violate the UCL, and/or from violating the UCL in the

21   future.  Otherwise, Plaintiffs, the Class and members of the general public may be

22   irreparably harmed and/or denied an effective and complete remedy if such an order is not

23   granted.

### FOURTH CAUSE OF ACTION

### FALSE ADVERTISING

(California Business & Professions Code §17500 *et seq*.)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public)

126.   Plaintiffs re-allege and incorporate by reference, as though fully set forth herein,

1    paragraphs 1 through 125 of this Complaint.

2    127.   The California False Advertising Law ("FAL") prohibits unfair, deceptive, untrue, or

3    misleading advertising, including, but not limited to, false statements as to worth, value

4    and former price.

5    128.   Defendant's practice of advertising allegedly comparative "Compare" prices associated

6    with its apparel and other merchandise, which were materially greater than the true

7    prevailing prices of those products, and/or not true comparative prices for those products,

8    as alleged more fully herein, was an unfair, deceptive and misleading advertising practice

9    because it gave the false impression that the products sold by Defendant regularly sold in

10   the retail marketplace at substantially higher prices (and were, therefore, worth more)

11   than they actually were.  In fact, the apparel and other merchandise sold by Defendant at

12   its Burlington stores in California did not have a prevailing market price close to the

13   "Compare" prices advertised.

14   129.   On each day throughout the Class Period, Defendant, with the intent to induce members

15   of the public to purchase products offered at its California Burlington stores, made or

16   caused to be made each of the untrue and/or misleading statements, claims, and/or

17   representations described herein.

18   130.   On each day throughout the Class Period, Defendant, with the intent to induce members

19   of the public to purchase products offered at its California Burlington stores, made or

20   caused to be made untrue and/or misleading claims to consumers throughout California

21   including, but not limited to, the following claims with respect to products offered for

22   sale at its California Burlington stores:

23         a.     That a product offered by Defendant was identical to a product offered by another

24                merchant (such that the price charged was comparable), when in fact Defendant's

25                product was unique or otherwise not offered for sale elsewhere, and no such

26                comparable product existed.

27         b.     That when other merchants did offer an identical product for sale, that Defendant

28                had previously ascertained and/or determined the price at which those merchants

1   typically offered that identical product for sale.

2   c.   That the "Compare" price for a product was the price at which other merchants

3        typically offered that identical product for sale.

4   d.   That the "Our Low Price" price for a product was lower than the price at which

5        other merchants typically offered that identical product for sale.

6   e.   That the "Our Low Price" price for a product was a discount from the price at

7        which other merchants typically offered that identical product for sale.

8   f.   That Defendant had previously sold that product at the "Compare" price

9        advertised for that product.

10  g.   That the advertised "retail" price, "suggested retail" price, or "MSRP," for a

11       product was the price at which other merchants typically offered that identical

12       product for sale.

13  131.  Defendant knew, or by the exercise of reasonable care should have known, that these

14       claims were untrue and/or misleading.

15  132.  In addition to the allegations made above, each of Defendant's statements, claims, and/or

16       representations described herein were untrue and/or misleading because, among other

17       things:

18  a.   Defendant set "Compare" prices without ascertaining and/or determining the

19       prices at which other merchants typically sold the identical products;

20  b.   Defendant's "Compare," "retail" prices, "suggested retail" prices, or "MSRP"

21       prices were fictitious, having been based on something other than the prices at

22       which other merchants typically sold those identical products;

23  c.   Defendant's "Compare," "retail" prices, "suggested retail" prices, or "MSRP"

24       prices were calculated by using the highest sales price at which another merchant

25       was offering the identical product for sale, instead of the price at which other

26       merchants typically offered that product for sale to consumers; and/or

27  d.   Defendant's "Compare," "retail" prices, "suggested retail" prices, or "MSRP"

28       prices were higher than the lowest price at which a consumer would commonly be

able to purchase the identical product at a retail establishment in the consumer's area, and;

1.    Defendant knew that the "Compare," "retail" price, "suggested retail" price, or "MSRP" price was higher than the lowest price at which a consumer would commonly be able to purchase the identical product at a retail establishment in the consumer's area; or

2.    Defendant did not know whether merchants were typically offering the product for sale at the "Compare," "retail" price, "suggested retail" price, or "MSRP" price.

133.    When Defendant made or caused to be made the untrue and/or misleading claims, statements, and/or misrepresentations described herein to consumers in California, Defendant failed to adequately disclose the facts pleaded herein.

134.    Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiffs and all other Class Members.  As such, Plaintiffs request that this Court cause Defendant to restore this money to Plaintiffs and all Class Members, and to enjoin Defendant from continuing to violate the FAL, and/or from violating the FAL in the future.  Otherwise, Plaintiffs, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT

(California Civil Code §1750 *et seq.*)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public)

135.    Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 134 of this Complaint.

136.    On each day throughout the Class Period, Defendant, with the intent to induce members of the public to purchase products offered at its California Burlington stores, made or caused to be made false and/or misleading claims to consumers throughout California

including, but not limited to, the following claims with respect to products offered for sale at its California Burlington stores:

    a.    The existence and/or amounts of the price reductions represented by the difference between the "Compare" price, "retail" price, "suggested retail" price, or "MSRP" price, and the "Our Low Price,"; and,

    b.    The existence and/or amount of the savings to a consumer purchasing a particular product from Defendant instead of another merchant represented by the difference between the "Compare" price, "retail" price, "suggested retail" price, or "MSRP" price, and the "Our Low Price."

137.    Plaintiffs and each member of the proposed Class are "consumers" within the meaning of Civil Code §1761(d).

138.    Defendant's sale of clothing and other merchandise at its Burlington stores in California to Plaintiffs and other Class Members are "transactions" within the meaning of Civil Code §1761(e).

139.    The clothing and other merchandise purchased by Plaintiffs and other Class Members at Defendant's Burlington stores in California throughout the Class Period are "goods" within the meaning of Civil Code §1761(a).

140.    Defendant has engaged in unfair methods of competition, and/or unfair and/or deceptive acts or practices against Plaintiffs and other Class Members, in violation of the CLRA, by making false and/or misleading statements of fact concerning the reasons for, the existence of, and/or the amount(s) of price reductions for its products sold to Plaintiffs and other Class Members at its California Burlington stores throughout the Class Period. Defendant provided a false and/or misleading "Compare" price, "retail" price, "suggested retail" price, or "MSRP" price on the price tags of the items sold in its California Burlington stores, and compared that false and/or misleading comparative price to the "Our Low Price" at which Defendant sold the items, to give the illusion to consumers that they were receiving a discount, or achieving a saving or bargain when compared to the purchase of those same items at other retailers in the consumer's area.  The promised

discounts, savings, and/or bargains, however, were false.

141.   Defendant's acts and/or practices described herein are in violation of Civil Code §1770(a)(13).

142.   As a result of Defendant's acts and/or practices described herein, Plaintiffs and other Class Members have been damaged in that Defendant's unlawful, false and/or misleading acts and/or practices described herein played a substantial and material role in Plaintiffs' and other Class Members' decisions to purchase products at Defendant's Burlington stores in California.  Absent these acts and/or practices, Plaintiffs and other Class Members would not have purchased the products that they did from Defendant.

143.   Pursuant to California Civil Code §1780(a)(2), Plaintiffs, on behalf of themselves and all other Class Members, request that this Court enjoin Defendant from continuing to engage in the unlawful and deceptive methods, acts and/or practices alleged herein.  Unless Defendant is permanently enjoined from continuing to engage in such violations of the CLRA, California consumers will continue to be damaged by Defendant's acts and/or practices in the same way as those acts and/or practices have damaged Plaintiffs and other Class Members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of all members of the proposed Class herein, pray for judgment against Defendants as follows:

**CLASS CERTIFICATION**:

1.   An order certifying that this action may be maintained as a class action, that Plaintiffs HOROSNY and PRICE be appointed Class Representatives, and Plaintiffs' counsel be appointed Class Counsel.

**VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200 et seq., and 17500 et seq.**:

2.   A judgment awarding Plaintiffs and all members of the Class restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class as a result of

1  its unlawful, unfair and fraudulent business practices described herein.

2  3.   An order enjoining Defendant from continuing to violate the UCL and/or FAL as

3  described herein, and/or an order enjoying Defendant from violating the UCL and/or FAL

4  in the future.

5  4.   A judgment awarding Plaintiffs their costs of suit; including reasonable attorneys' fees

6  pursuant to Code of Civil Procedure §1021.5 and as otherwise permitted by statute or

7  law; and pre- and post-judgment interest; and,

8  5.   For such other and further relief as the Court may deem proper.

9  **VIOLATION OF CIVIL CODE §1770**:

10  6.   An order enjoining Defendant from continuing to violate the CLRA as described herein,

11  and/or an order enjoying Defendant from violating the CLRA in the future;

12  7.   A judgment awarding Plaintiffs their costs of suit; including reasonable attorneys' fees

13  pursuant to Civil Code §1780(d) and as otherwise permitted by statute; and pre- and post-

14  judgment interest; and,

15  8.   For such other and further relief as the Court may deem proper.

16  **DEMAND FOR JURY TRIAL**

17  Plaintiffs hereby demand a trial by jury for all claims so triable.

18

19

20  Dated: July 1, 2015                    LAW OFFICE OF CHRISTOPHER J. MOROSOFF

21

22                                        By: _____

23                                        CHRISTOPHER J. MOROSOFF
                                          Attorneys for Plaintiffs

24

25

26

27

28

-32-
COMPLAINT