1   Douglas Caiafa, Esq. (SBN 107747)
    DOUGLAS CAIAFA, A Professional Law Corporation
2   11845 West Olympic Boulevard, Suite 1245
    Los Angeles, California 90064
3   (310) 444-5240 - phone; (310) 312-8260 - fax
    Email: dcaiafa@caiafalaw.com
4
    Christopher J. Morosoff, Esq. (SBN 200465)
5   LAW OFFICE OF CHRISTOPHER J. MOROSOFF
    77-760 Country Club Drive, Suite G
6   Palm Desert, California 92211
    (760) 469-5986 - phone; (760) 345-1581 - fax
7   Email: cjmorosoff@morosofflaw.com

8   Attorneys for Plaintiffs JAMES HOROSNY, et al.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        WESTERN DIVISION

13  JAMES HOROSNY, et al,              ) CASE NO.: 2:15-cv-05005-SJO-MRWx
                                       )
14                                     )
                                       )       AMENDED CLASS ACTION
15                   Plaintiffs,       )          COMPLAINT
                                       )
16         vs.                         )
                                       ) 1. UNFAIR BUSINESS PRACTICES;
17                                     ) 2. FRAUDULENT BUSINESS
                                       )      PRACTICES;
18  BURLINGTON COAT FACTORY OF         ) 3. UNLAWFUL BUSINESS
19  CALIFORNIA, LLC, et al,            )      PRACTICES;
                                       ) 4. FALSE ADVERTISING; and,
20                                     ) 5. VIOLATION OF CALIFORNIA
21                   Defendants.       )      CONSUMER LEGAL REMEDIES
                                       )      ACT
22                                     )
                                       )
23                                     )
                                       )
24  _____ )

25

26

27

28

                  AMENDED CLASS ACTION COMPLAINT

This Amended Class Action Complaint ("Complaint") is brought by individual consumers in California against retailer BURLINGTON COAT FACTORY OF CALIFORNIA, LLC ("Defendant") for using false, deceptive, or misleading comparative reference prices on the price tags of the products sold in Burlington Coat Factory ("Burlington") stores in California.  Plaintiffs JAMES HOROSNY ("Horosny") and JENNIFER PRICE ("Price") (collectively referred to herein as "Plaintiffs"), individually and on behalf of all others similarly situated (collectively referred to as "Class Members"), bring this action against Defendant, and for causes of action against Defendant, based upon personal knowledge, information and belief, and investigation of their counsel, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d) (the Class Action Fairness Act of 2005 ("CAFA")) because the amount in controversy exceeds the value of $5,000,000, exclusive of interest and costs, because the class consists of 100 or more putative Class Members, and because at least one putative Class Member is diverse from Defendant, a California limited liability company with its principal place of business in Burlington, New Jersey.

2. This is a civil action brought under and pursuant to California Business & Professions Code §17200, *et seq.* (the Unfair Competition Law or "UCL"), California Business & Professions Code §17500, *et seq.* (the False Advertising Law or "FAL"), and California Civil Code §1750, *et seq.* (the California Consumer Legal Remedies Act or "CLRA").

3. Venue is proper in the Western Division of the Central District of California because Defendant transacts a substantial amount of business, resides, and/or is found in this District, Plaintiff Horosny resides in Los Angeles County, California, and the transactions which form the basis of Horosny's claims

1   against Defendant occurred in the city of West Hills, in Los Angeles County,
2   California.

3   4.   The Central District of California has personal jurisdiction over the
4   Defendant named in this action because Defendant is a California limited
5   liability company or other business entity authorized to do business in the
6   State of California and registered with the California Secretary of State to do
7   business, with sufficient minimum contacts in California, with its corporate
8   headquarters and principal place of business in Burlington, New Jersey,
9   and/or otherwise intentionally avails itself of the California market through
10  the ownership and operation of over 60 retail stores within the State of
11  California, such that the exercise of jurisdiction over Defendant by the
12  California courts is consistent with traditional notions of fair play and
13  substantial justice.

14  5.   Defendant transacts business within the county of Los Angeles, and
15  elsewhere throughout the State of California.  The violations of law alleged
16  herein have been carried out within the County of Los Angeles and
17  throughout the State of California.

18  **INTRODUCTION**

19  6.   A product's regular price, the price at which a product generally sells for in
20  the marketplace, matters to consumers.  The price that a product generally
21  sells for in the marketplace provides important information to consumers
22  about the product's worth and the prestige that ownership of that product
23  conveys.  Many retailers these days use comparative reference prices to
24  assure their customers that their sale prices are lower than the prices their
25  products regularly sell for at other retailers in the marketplace.

26  7.   This is a case about one of the nation's largest retailers, Burlington Coat
27  Factory, using deceptive comparative prices at each of its California stores
28  to trick its customers into mistakenly believing that the sale prices of

- 2 -
AMENDED CLASS ACTION COMPLAINT

1   products at Burlington stores are significantly lower than the regular prices
2   of those products at other retailers in California. Plaintiffs are typical
3   reasonable American consumers who, like all reasonable consumers, are
4   motivated by the promise of a good deal. Defendant is a large national
5   retailer that makes enormous profits by promising consumers a good deal.
6   Defendant owns and operates a chain of so called "off-price" department
7   stores in California known as Burlington stores. Plaintiffs occasionally shop
8   at Burlington because of Defendant's promise that they can get name brand
9   products for significant discounts off department store prices. Defendant
10  supports that promise with price tags on each item in each store which
11  feature Defendant's selling prices alongside much higher supposedly
12  comparative prices. The comparative prices assure consumers like Plaintiffs
13  that they are receiving an exceptionally good deal and saving a specific
14  dollar amount equal to the difference between the two prices. Defendant's
15  price tags deceptively instruct customers to "compare" the sale prices of
16  Defendant's products to these higher comparative reference prices. The
17  comparative prices, however, are deceptive. They are not true, bona fide, or
18  properly substantiated comparative prices. They are not what typical,
19  reasonable consumers, like Plaintiff, think they are. Defendant does not
20  disclose to consumers what their "Compare" reference price is. There is no
21  definition or disclosure at or anywhere near the comparative price
22  representations made on the price tags of the items sold at Burlington stores
23  in California. Plaintiffs, having been duped by Defendant's deceptive
24  pricing practices like all other Burlington customers, bring this action
25  against Defendant for false, deceptive and misleading advertising on behalf
26  of themselves and all other consumers who have purchased items at
27  Burlington stores in California throughout the period from July 1, 2011, to
28  the present (the "Class Period").

- 3 -

AMENDED CLASS ACTION COMPLAINT

**PARTIES**

8. Plaintiff Horosny is, and at all times relevant hereto has been, an individual and a resident of Los Angeles County, California. On over 5 occasions throughout the Class Period, Horosny purchased products from the West Hills, California, Burlington store which were falsely, deceptively, and/or misleadingly labeled with false, deceptive, and/or misleading, comparative prices. The marked "Compare" prices for the products which Horosny purchased from Defendant were not actual prices at which substantial and significant sales of those products were made at other principal retail outlets in California. Horosny purchased products from Defendant throughout the Class Period in reliance on Defendant's false, deceptive and misleading advertising, marketing and pricing schemes, which he would not otherwise have purchased absent Defendant's deceptive advertising and pricing scheme, and Horosny has lost money and/or property, and has been damaged as a result. Horosny is a reasonable consumer.

9. Plaintiff Price is, and at all times relevant hereto has been, an individual and a resident of San Diego County, California. On over 10 occasions throughout the Class Period, Price purchased products from Defendant's San Diego, California, Burlington store on Claremont Mesa Blvd., which were falsely, deceptively, and/or misleadingly labeled with false, deceptive, and/or misleading, comparative prices. The marked "Compare" prices for the products which Price purchased from Defendant were not actual prices at which substantial and significant sales of those products were made at other principal retail outlets in California. Price purchased products from Defendant throughout the Class Period in reliance on Defendant's false, deceptive and misleading advertising, marketing and pricing schemes, which she would not otherwise have purchased absent Defendant's deceptive

AMENDED CLASS ACTION COMPLAINT

advertising and pricing scheme, and Price has lost money and/or property, and has been damaged as a result.  Price is a reasonable consumer.

10. Defendant is a California limited liability company, organized under the laws of the state of California and licensed by the California Secretary of State to conduct business in the state of California, and which does conduct substantial business on a regular and continuous basis in the state of California.  Defendant's principal place of business is in Burlington, New Jersey.

11. The true names and capacities of the Defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs who therefore sue such Defendants under fictitious names.  Plaintiffs are informed and believe, and on that basis allege, that these Defendants, DOES 1 through 100, are in some manner or capacity, and to some degree, legally responsible and liable for the damages of which Plaintiffs complain.  Plaintiffs will seek leave of Court to amend this Complaint to set forth the true names and capacities of all fictitiously-named Defendants within a reasonable time after they become known.

## **FACTUAL ALLEGATIONS**

12. During the Class Period, Horosny bought apparel items from the Burlington store in West Hills, California.

13. During the Class Period, Price bought apparel items from the Burlington store in San Diego, California, on Claremont Mesa Blvd.

14. Plaintiffs were each lured into Defendant's stores with the promise of significant savings on name brand merchandise such as, without limitation, apparel, handbags, shoes, and bed, bath and home items.

15. Both Plaintiffs would shop at Burlington stores in California in the future if they could be assured that the comparative reference prices advertised by Defendant were true and accurate reference prices.

AMENDED CLASS ACTION COMPLAINT

**I.     Defendant Labels Its Products With "Compare" Reference Prices**:

16.   Each item offered for sale at Burlington is displayed with a comparative price tag which provides 2 prices: the Burlington sale price, and another significantly higher price described simply as the "Compare" price.

17.   The price tags used by Defendant at Burlington stores throughout California are identical in all material respects.  They each have a sale price (i.e., a price at which Defendant is selling the item for), and a higher comparative reference price listed above the sale price accompanied by the word "Compare."

18.   Consumers are not told exactly what the word "Compare" means, or given any information about the comparative price other than the dollar amount and the word, "Compare."  Nor are they told where Defendant came up with the "Compare" price.  They are simply presented with the 2 prices (the sale price, and the higher "Compare" reference price), left to guess what the "Compare" price is, and are led to believe that they are actually saving the difference between the 2 prices.

19.   In addition to Defendant's standard "Compare" price tags, Defendant also labels many of its products with a second price tag that purports to be the original price tag and which lists a manufacturer's suggested retail price, or "MSRP."

**II.    Comparative Reference Prices Are Material to Consumers**:

20.   Defendant compares the prices of its products with higher reference prices which consumers are led to believe are the prices supposedly charged by other merchants for the same products.  Defendant labels those higher comparative prices as the "Compare" prices for those products.

21.   This type of comparison pricing, where the retailer contrasts its selling price for a product with a generally much higher reference price, has become increasingly common in the retail marketplace.

AMENDED CLASS ACTION COMPLAINT

22. Retailers, like Defendant, present these reference prices (commonly referred to as "advertised reference prices" or "ARPs") to consumers with short tag-line phrases such as "former price," "regular price," "list price," "MSRP," or "compare at." These marketing phrases are commonly referred to as "semantic cues."

23. Over 30 years of marketing research unanimously concludes that semantic cues presented with comparative reference prices, such as Defendant's use of the word "Compare" on its price tags, are material to consumers. That is, they influence consumers' purchasing decisions.

24. For example, a well-respected and oft-cited study by Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Informative or Deceptive?,* 11 J. of Pub. Pol'y & Mktg. 52, 55 (Spring 1992), concludes that "[b]y creating an impression of savings, the presence of a higher reference price enhances [consumers'] perceived value and willingness to buy [a] product." In other words, comparative reference prices lead consumers to believe they are saving money, and increase their willingness to buy products.

25. Numerous other consumer and marketing research studies arrive at similar conclusions. For example, Compeau & Grewal, in *Comparative Price Advertising: Believe It Or Not*, J. of Consumer Affairs, Vol. 36, No. 2, at 287 (Winter 2002), conclude that "decades of research support the conclusion that advertised reference prices do indeed enhance consumers' perceptions of the value of the deal." They also conclude that "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly high." *Id.*

26. Joan Lindsey-Mullikin & Ross D. Petty, *Marketing Tactics Discouraging Price Search: Deception and Competition*, 64 J. of Bus. Research 67 (January 2011), conclude that "[r]eference price ads strongly influence consumer perceptions of value. . . . Consumers often make purchases not

AMENDED CLASS ACTION COMPLAINT

based on price but because a retailer assures them that a deal is a good bargain. This occurs when . . . the retailer highlights the relative savings compared with the prices of competitors . . . [T]hese bargain assurances (BAs) change consumers' purchasing behavior and may deceive consumers."

27. Praveen K. Kopalle & Joan Lindsey-Mullikin, *The Impact of External Reference Price On Consumer Price Expectations*, 79 J. of Retailing 225 (2003), similarly conclude that "research has shown that retailer-supplied reference prices clearly enhance buyers' perceptions of value" and "have a significant impact on consumer purchasing decisions."

28. The results of a study by Dr. Jerry B. Gotlieb & Dr. Cyndy Thomas Fitzgerald, *An Investigation Into the Effects of Advertised Reference Prices On the Price Consumers Are Willing To Pay For the Product*, 6 J. of App'd Bus. Res. 1 (1990), conclude that "reference prices are important cues consumers use when making the decision concerning how much they are willing to pay for the product."  This study further concludes that "consumers are likely to be misled into a willingness to pay a higher price for a product simply because the product has a higher reference price."

29. The indisputable conclusion of decades of scholarly research concerning comparative reference prices, such as the "Compare" reference prices used by Defendant, is that they matter – they are material to consumers.

**III.** **Defendant Has a Duty to Verify Its "Compare" Prices**:

30. The FTC requires that "[a]dvertisers must have evidence to back up their claims ("substantiation"). . . . Before disseminating an ad, advertisers must have appropriate support for all express and implied objective claims that the ad conveys to reasonable consumers. When an ad lends itself to more than one reasonable interpretation, there must be substantiation for each interpretation. The type of evidence needed to substantiate a claim may

1    depend on the product, the claims, and what experts in the relevant field

2    believe is necessary."

3  31.   Plaintiffs are informed and believe, and on that basis allege, that Defendant

4    does not have sufficient evidence to substantiate the validity of its

5    "Compare" reference prices.

6  32.   The FTC Pricing Guides, 16 C.F.R. §233.2, provide rules for merchants

7    such as Defendant that claim "to offer goods at prices lower than those being

8    charged by others for the same merchandise in the advertiser's trade area."

9  33.   The FTC Pricing Guides require that when merchants such as Defendants

10    use advertising that compares their prices to higher comparative prices for

11    the same merchandise, "the advertised higher price must be based on fact,

12    and not be fictitious or misleading."  The FTC Pricing Guides further

13    provide:

14    "Whenever an advertiser represents that he is selling below the prices
being charged in his area for a particular article, he should be

15    reasonably certain that the higher price he advertises does not
appreciably exceed the price at which *substantial sales* of the article

16    are being made in the area - that is, *a sufficient number of sales* so
that a consumer would consider a reduction from the price to

17    represent a genuine bargain or saving." (Emphasis added).

18  34.   Defendant thus has, and has had, a duty to provide "appropriate support" for,

19    and "evidence to back up," its "Compare" reference prices.

20  35.   Defendant has, and has had, a duty to verify that its "Compare" reference

21    prices do not "appreciably exceed the price at which substantial sales" of its

22    products have been made in California.

23  36.   Plaintiffs are informed and believe, and on that basis allege, that Defendant

24    does not have such evidence, and has not in fact verified that its "Compare"

25    reference prices do not "appreciably exceed the price at which substantial

26    sales" of its products have been made in California.

27  37.   Where the advertiser's comparison price is purportedly based on prices

28    being charged for similar or "comparable" products, the FTC Pricing Guides

- 9 -

AMENDED CLASS ACTION COMPLAINT

require that the advertiser make "clear to the consumer that a comparison is being made with other merchandise and the other merchandise is, in fact, of essentially similar quality and obtainable in the area."  In such a case:

> "The advertiser should, however, be reasonably certain, just as in the case of comparisons involving the same merchandise, that the price advertised as being the price of comparable merchandise does not exceed the price at which such merchandise is being offered by representative retail outlets in the area."

38.   Where the advertiser's comparison price is purportedly based on a manufacturer's suggested retail price ("MSRP"), the FTC Pricing Guides provide as follows:

> "Many members of the purchasing public believe that a manufacturer's list price, or suggested retail price, is the price at which an article is generally sold. Therefore, if a reduction from this price is advertised, many people will believe that they are being offered a genuine bargain. To the extent that list or suggested retail prices do not in fact correspond to prices at which *a substantial number of sales* of the article in question are made, the advertisement of a reduction may mislead the consumer." (Emphasis added).
> . . .
>
> "[t]he widespread failure to observe manufacturer's suggested or list prices, and the advent of retail discounting on a wide scale, have seriously undermined the dependability of list prices as indicators of the exact prices at which articles are in fact generally sold at retail. . . . Today, only in the rare case are all sales of an article at the manufacturer's suggested retail or list price."

39.   According to the FTC Pricing Guides, an advertised MSRP:

> "[w]ill not be deemed fictitious if it is the price at which *substantial (that is, not isolated or insignificant) sales* are made in the advertiser's trade area (the area in which he does business). Conversely, if the list price is significantly in excess of the highest price at which *substantial sales* in the trade area are made, there is a clear and serious danger of the consumer being misled by an advertised reduction from this price. . . . [B]efore advertising a manufacturer's list price as a basis for comparison with his own lower price, the retailer should ascertain whether the list price is in fact the price regularly charged by principal outlets in his area." (Emphasis added.).

AMENDED CLASS ACTION COMPLAINT

40.     The FTC concludes, in its Pricing Guides, that advertising an MSRP as a comparative reference price is "deceptive" if only "an insubstantial volume of sales" of the product in question have been made at the advertised MSRP in the retailer's trade area. Use of an MSRP as a comparative reference price is not considered "deceptive" if "[i]n a *substantial number of representative communities*, *the principal retail outlets* are selling the product at this price in the regular course of business and *in substantial volume*." (Emphasis added).

41.     Defendant thus has, and has had, a duty to verify that its "Compare" reference prices are and have been prices at which substantial sales of its products are and have been made at a substantial number of other principal retail outlets in California.

**IV.     Defendant Does Not Adequately Verify Its "Compare" Prices**:

42.     Plaintiffs are informed and believe, and on that basis allege, that when Defendant advertised prices as "Compare" prices on the price tags of items sold in its California Burlington stores, Defendant was not reasonably certain that the higher prices it advertised did not appreciably exceed the prices at which *substantial sales* of the items were being made in California.

43.     The "Compare" prices on Defendant's price tags, including those alleged to be MSRPs, were not prices at which *substantial sales* of those products were made in California.  Rather, the "Compare" reference prices advertised by Defendant, including those alleged to be MSRPs, were significantly in excess of the highest prices at which *substantial sales* of those products were made in California.

44.     Plaintiffs are informed and believe, and on that basis allege, that Defendant did not ascertain whether the "Compare" prices on its price tags, including those alleged to be MSRPs, were in fact the prices regularly charged by a substantial number of principal outlets in California, or whether its

AMENDED CLASS ACTION COMPLAINT

"Compare" prices were prices at which ***substantial sales*** of such products were made in California.

45.   Plaintiffs are informed and believe, and on that basis allege, that Defendant systematically and routinely used unverified comparative prices, including supposed MSRPs, as comparative reference prices for its products which are not, in fact, prices at which those products sold, or are selling, in any substantial volume at the "principal retail outlets" in California.  Thus, Defendant's "Compare" prices are, and have been throughout the Class Period, deceptive.

46.   Plaintiffs are informed and believe, and on that basis allege, that often Defendant has not determined or verified the prices other merchants charge for the identical products it sells.  Rather, Defendant has used various misleading methods to make up prices which it claims other merchants charge for those products, and then claims that its own prices are significantly lower than those "Compare" reference prices.

47.   Plaintiffs are informed and believe, and on that basis allege, that Defendant failed to verify that its "Compare" prices for its products did not exceed the prices at which substantial sales of the products were being made at principal retail outlets in California.

48.   Defendant's decision to use unverified reference prices, including supposed MSRPs, was likely to deceive consumers, including Plaintiffs, by, among other things, representing that the marketplace had assigned retail prices to its products, and that Defendant's discount off those retail prices made Defendant's prices attractive.  Defendant's misrepresentation of the "Compare" prices as actual prices at which substantial sales of its products had been made in California was deceptive, misleading, unlawful, unfair, and/or fraudulent.

**V.  Defendant's "Compare" Reference Prices Are Misleading, Deceptive, and/or False**:

49.  The result of Defendant's failure to verify its "Compare" prices was that consumers, including Plaintiffs, were misled into believing that they were receiving substantial savings on the purchase of Defendant's products when compared to prices charged for those same products at other retailers. Plaintiffs and other Class Members were misled into paying more for Defendant's products than they would have paid for identical products sold by other merchants.

50.  Plaintiffs were confronted with ARPs on the items they purchased from Defendant, accompanied by the undefined, unqualified word, "Compare." Plaintiffs reasonably believed, like all reasonable consumers, that the "Compare" prices represented the prices that they would expect to pay for those same products at other retailers in their general area.  In other words, Plaintiffs reasonably believed that the "Compare" prices referred to the then prevailing retail prices for those same items - that if they left Defendant's stores and shopped around for those same products, they would likely find them elsewhere at the higher "Compare" prices provided by Defendant.

51.  Plaintiffs are informed and believe, and on that basis allege, that the "Compare" prices advertised by Defendant were not the then prevailing retail prices for the products that they purchased from Burlington.

52.  A reasonable consumer would interpret Defendant's "Compare" price as the price at which a substantial number of vendors are selling the identical product.

53.  Nowhere on Defendant's price tags, or in Defendant's price advertising, is it made clear to consumers, including Plaintiffs, that the advertised "Compare" price is not the price at which a substantial number of vendors are selling the identical product.

AMENDED CLASS ACTION COMPLAINT

54. Nowhere on Defendant's price tags, or in Defendant's price advertising, is it made clear to consumers, including Plaintiffs, that the advertised "Compare" price may not be a price at which any other retailer ever offered the particular item at any time or location.

55. Nowhere on Defendant's price tags, or in Defendant's price advertising, does Defendant disclose to consumers, including Plaintiffs, what the "Compare" price is, where Defendant came up with the "Compare" price, or what Defendant means by the term "Compare."

56. Nowhere is it made to consumers, including Plaintiffs, what the "Compare" price actually is.

57. The Better Business Bureau ("BBB") Code of Advertising suggests that if a retailer means to compare its selling price to a higher reference price of supposed identical merchandise, the retailer should use clear language in its advertising such as "selling elsewhere at."

58. If the reference price provided by Defendant is meant to be the price of a "comparable item," then the semantic cue (or term) placed on the price tag by Defendant should inform the consumer that the reference price is supposedly the "regular, retail price" of a "comparable item."

59. The BBB Code of Advertising suggests that if a retailer means to compare its selling price to a higher reference price of comparable merchandise, the retailer should use clear language in its advertising such as "comparative value," "compares with merchandise selling at," or "equal to merchandise selling for."

60. Confronted with the simple term, "Compare," a reasonable consumer would believe that the higher reference price represents the price at which the same item currently sells for in the marketplace – the then-prevailing retail or market price.

AMENDED CLASS ACTION COMPLAINT

61.  Plaintiffs and all other Class Members reasonably relied upon Defendant's deceptive, misleading, and/or false representations of comparative prices and false representations of purported savings, discounts and bargains when purchasing merchandise from Defendant's California stores.

62.  Plaintiffs did not, and reasonable consumers would not, interpret the semantic phrase "Compare" the way Defendant interprets it.

63.  Defendant's use of the term "Compare" in connection with their ARPs for its products was, and is, false, misleading, and/or deceptive.

A.  **Defendant's "Compare" Price Advertising Omits Necessary Information, Including a Necessary Disclosure**:

64.  At all times relevant herein, Defendant has been under a duty to Plaintiffs and all other Class Members to adequately disclose the truth about its "Compare" prices.

65.  Defendant's "Compare" reference prices required, and continue to require, a qualifying disclosure because, amongst other things, Defendant defines and interprets the term "Compare" in a way that reasonable consumers do not interpret it.

66.  Defendants does not provide any qualifying disclosure informing consumers of what its "Compare" prices are, or what consumers are supposed to "compare" Defendant's products and/or prices to.

67.  Over 30 years of empirical research, including, without limitation, a 2004 study in The Journal of Consumer Affairs by Larry D. Compeau, Ph.D., *et al.*, has concluded that the average reasonable consumer interprets the term "compare at," when presented in comparison to a lower selling price for an item, to refer to "prices found in a 'regular price' department store."  (The Journal of Consumer Affairs, Vol. 38, No. 1, 2004, at 184)  These studies conclude that "about two-thirds" of consumers "may be deceived by the

AMENDED CLASS ACTION COMPLAINT

'Compare At' phrase if specific information regarding the comparison is not provided." Id. at 186.

68.    Where, as here, the retailer and the consumer do not share the same meaning of the comparative reference term ("compare"), and thus the term is open to more than one interpretation, the use of that term is misleading and deceptive.

69.    Where, as here, the retailer ascribes a secret, undisclosed meaning to the phrase that differs from that which reasonable consumers, including Plaintiffs, would ascribe to it, the use of that term is misleading and deceptive.

70.    It is a deceptive marketing act and/or practice for Defendant to fail to clearly and conspicuously disclose its definition or interpretation of its term "Compare" to its customers.

71.    Therefore, Defendant's use of the semantic term "Compare" in connection with its ARPs for its products was, and is, false, misleading, and/or deceptive.

72.    The facts that Defendant misrepresented and/or failed to disclose are material facts that a reasonable person would have considered material; i.e., facts that would contribute to a reasonable person's decision to purchase merchandise offered for sale by Defendant.  Defendant's deceptive comparison reference prices, and/or false representations of discounts from misleading, deceptive, and/or false comparative prices, and false representations of purported savings, discounts and/or bargains, are objectively material to the reasonable consumer.

73.    Plaintiffs and all other Class Members reasonably and justifiably acted and relied to their detriment on Defendant's failure to disclose, and concealment of, the truth about its deceptive comparative prices, in purchasing merchandise at Defendant's stores throughout California.

AMENDED CLASS ACTION COMPLAINT

**B.**   **Defendant's Failure to Disclose What Its "Compare" Prices Are Violates FTC Guidelines**:

74.   The FTC provides detailed requirements concerning the use of purported disclosures in their ".com Disclosures" rules.

75.   The FTC has a "clear and conspicuous requirement" for advertising disclosures, which requires any such disclosures to be presented to consumers "clearly and prominently."

76.   The FTC's "clear and conspicuous requirement" requires that "disclosures must be clear and conspicuous."

77.   When making a disclosure related to an advertising claim, the FTC's clear and conspicuous requirement requires that "[d]isclosures should be placed as close as possible to the claim they qualify," or the "triggering claim."

78.   The FTC requires that "[w]hen the disclosure of qualifying information is necessary to prevent an ad from being deceptive, the information should be presented clearly and conspicuously so that consumers can actually notice and understand it. . . . To ensure that disclosures are effective, advertisers should use clear and unambiguous language, [and] place any qualifying information close to the claim being qualified."

79.   Even if the advertisement is small and space-constrained, the FTC requires that "[i]f a space-constrained ad contains a claim that requires qualification, the advertiser disseminating it is not exempt from disclosure requirements."

80.   Defendant's "Compare" reference prices require qualification.

81.   Defendant does not, and did not, provide any disclosure of qualifying information to consumers, including Plaintiffs.

82.   Defendants does not, and did not, place any disclosure of qualifying information regarding its "Compare" reference prices close to the "Compare" claims.

83. Plaintiffs did not see, and were not aware of, any disclosures made by Defendant.

84. The FTC's disclosure rules further provide that "[d]isclosures that are an integral part of a claim or inseparable from it . . . should be placed on the same page and immediately next to the claim, and be sufficiently prominent so that the claim and the disclosure are read at the same time, without referring the consumer somewhere else to obtain this important information."

85. Defendant's definition or interpretation of what it means by the term "Compare" is an "integral part" of its "Compare" reference price claims. A disclosure should be, and should have been, placed on the price tags of Defendant's products immediately next to the "Compare" price claims.

86. The FTC's disclosure rules further provide that "[a]dvertisers are responsible for ensuring that their messages are truthful and not deceptive. Accordingly, disclosures must be communicated effectively so that consumers are likely to notice and understand them in connection with the representations that the disclosures modify. Simply making the disclosure available somewhere in the ad, where some consumers might find it, does not meet the clear and conspicuous standard."

87. Defendant's failure to disclosure to Class Members, including Plaintiffs, its definition or interpretation of the term "Compare" violates the FTC's "clear and conspicuous standard."

88. The FTC's disclosure rules further provide that "[i]t is the advertiser's responsibility to draw attention to the required disclosures."

89. Defendant does not draw attention to any disclosure.

90. The FTC's disclosure rules further provide that "[d]isclosures must be effectively communicated to consumers before they make a purchase or incur a financial obligation."

AMENDED CLASS ACTION COMPLAINT

91. Defendant does not effectively communicate any disclosure concerning its "Compare" prices to consumers before they make their purchase(s) at Burlington stores in California.

92. The FTC's disclosure rules further provide that "[i]f the disclosure needs to be in the ad itself but it does not fit, the ad should be modified so it does not require such a disclosure or, if that is not possible, that space-constrained ad should not be used. . . . If a disclosure is necessary to prevent an advertisement from being deceptive, unfair, or otherwise violative of a Commission rule, and if it is not possible to make the disclosure clear and conspicuous, then either the claim should be modified so the disclosure is not necessary or the ad should not be disseminated."

93. Defendant was required to put a qualifying disclosure on its price tags. Or, if putting a qualifying disclosure on its price tags was not possible, Defendant's "Compare" reference prices should not have been, and should not be, used.

C.    **Defendant's Use of Reference Prices Does Not Comply With Established Legal Requirements**:

94. Plaintiffs are informed and believe, and on that basis allege, that in advertising the "Compare" price for a product, Defendant did not, and does not, actually present the prevailing market price for that product (i.e. the price at which other merchants were selling the identical product), or the price at which substantial sales of the product were made at principal retail outlets in California.  Rather, Defendant used, and continues to use, vague, misleading, and/or subjective measures to inflate the comparative prices, and thus artificially increase the discounts and savings it claims to be offering consumers.

95. Through its deceptive, misleading, and/or false marketing, advertising and pricing scheme, Defendant has violated, and continues to violate, California

AMENDED CLASS ACTION COMPLAINT

law which prohibits advertising goods for sale at a discount when compared to unsubstantiated prices at which other merchants purportedly sell the goods, and prohibits misleading statements about the existence and amount of comparative prices.  Specifically, Defendant has violated, and continues to violate, the UCL, the FAL, the CLRA, and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)), and specifically prohibits false advertisements (15 U.S.C. §52(a)).

96.   Under the FTCA, advertising must be truthful and non-deceptive, advertisers such as Defendant must have evidence to back up their claims, and advertisements cannot be unfair.  An advertisement is deceptive, according to the FTC, if it contains a misstatement or omits information that is likely to mislead consumers acting reasonably under the circumstances, and the statement or omitted information is material - that is, important to a consumer's decision to buy or use the product.

97.   The prices which Defendant advertises, and has advertised, as "Compare" prices are misleading, fictitious, and/or are not based on fact.

98.   Defendant failed to make clear to its customers, including Plaintiffs, that its "Compare" reference prices were not then prevailing market prices.

99.   Defendant's "Compare" reference prices were likely to mislead reasonable consumers into believing that Defendant's prices were significantly lower than the prices offered by other merchants for the identical products, and that consumers would enjoy significant savings by purchasing those products from Defendant instead of from other merchants.

100.  Defendant's false and/or misleading comparative pricing representations made it more likely that consumers would purchase particular products from Defendant.  Defendant's misleading claims of significant discounts were likely to persuade consumers who were not inclined to purchase products at

AMENDED CLASS ACTION COMPLAINT

1   all to buy them from Defendant solely because they were misled into
2   believing that they were getting an unusually good deal.

3   101.   Defendant's misrepresentations about its pricing were likely to mislead
4          consumers, and in fact did mislead Plaintiffs, into believing that Defendant's
5          prices would always be significantly lower than the prices offered by other
6          merchants for the identical products.

7   102.   Defendant misrepresented the existence, nature and amount of price
8          discounts by purporting to offer specific dollar discounts from expressly
9          referenced comparative prices, which were misrepresented as "Compare"
10         prices.  These purported discounts were false, deceptive, and/or misleading,
11         however, because the referenced comparative prices were not bona fide
12         reference prices and did not represent true comparative prices for identical
13         products sold by other merchants in California.

14  103.   Defendant has engaged in a company-wide, pervasive and continuous
15         campaign of deceptively claiming that each of its products sold at a far
16         higher price by other merchants in order to induce Plaintiffs and all Class
17         Members to purchase merchandise at purportedly marked-down sale prices.
18         California law prohibits such practices.

19  104.   Defendant's deceptive and misleading representations, as described herein,
20         accompanied virtually every product sold in California Burlington stores
21         each and every day throughout the Class Period, and Defendant is still
22         making such deceptive and misleading comparative price claims for many, if
23         not all, of the products in its California stores.

24  105.   Throughout the Class Period Defendant routinely and systematically made
25         untrue, deceptive, and misleading comparative advertising claims about the
26         prices of its products, as described herein.

27  106.   Defendant advertised each of its products sold in its California Burlington
28         stores with a comparative reference price, preceded by the misleading term

AMENDED CLASS ACTION COMPLAINT

"Compare."  However, Defendant did not ensure that the "Compare" reference prices it advertised in comparison to its sale prices in fact corresponded to prices at which a substantial number of sales of each such labeled product were made at other principal retail outlets in California.

107.   Throughout the Class Period, Defendant's "Compare" prices constituted material misstatements, and/or omitted material information about its comparative prices, that were likely to mislead reasonable consumers.

108.   Defendant has intentionally failed to disclose to, and/or fraudulently concealed from, Plaintiffs and all other Class Members the truth about its alleged comparative prices for the purpose of inducing Plaintiffs and other Class Members to purchase merchandise at each of its Burlington stores throughout California.

109.   Plaintiffs are informed and believe, and on that basis allege, that even if and when a "Compare" price for a product may have represented an actual "recent documented selling price" of the same product, Defendant chose the highest price at which the product was selling in the marketplace, and presented that price to consumers as the "Compare" price.

110.   Defendant knew or should have known that its representations concerning its "Compare" prices, or the sales of other merchants' identical products, were untrue and/or misleading.

111.   Defendant knows and has known, should reasonably know, or should have known, that its comparative price advertising is, and has been, deceptive, misleading, false, fraudulent, unfair and/or unlawful.

112.   Defendant knew or should have known that using inflated and/or unverified comparative reference prices without verifying that they were prices at which substantial sales of those products had been made in California, thereby creating either fictitious or inflated "Compare" prices and either fictitious or inflated discounts or savings, was unlawful.

- 22 -

AMENDED CLASS ACTION COMPLAINT

113.   The use of the term "Compare" by Defendant on the price tags of the products sold in its California Burlington stores constituted the dissemination of untrue, deceptive and/or misleading statements to consumers about the prices of the products so listed as compared with the prices offered by other merchants for the same products.  Defendant knew, or by the exercise of reasonable care should have known, that those statements were untrue, deceptive, and/or misleading.  Each such statement constitutes, and has constituted, a separate violation of California Business & Professions Code §17500.  Each such statement also violates, and has violated, California Civil Code §1750(a)(13).

114.   Plaintiffs, individually and on behalf of all others similarly situated, seek restitution and injunctive relief under the UCL, FAL and CLRA to stop Defendant's pervasive and rampant false and misleading advertising and marketing campaign.

## PLAINTIFF'S PURCHASES

115.   Plaintiffs purchased numerous products throughout the Class Period from Defendant's California stores, in reliance on Defendant's false, deceptive and/or misleading advertising and false, deceptive, and/or misleading price comparisons, which they would not otherwise have purchased but for Defendant's false, deceptive and/or misleading advertising, and false, deceptive and/or misleading price comparisons as described herein.

**Plaintiff Horosny's Purchases**:

116.   For example, and without limitation, on October 23, 2014, Horosny purchased 9 products from Defendant's West Hills, California, Burlington store for a total cash payment of $158.94.  Each of the 9 products purchased by Horosny on October 23, 2014, was affixed with a price tag which contained the untrue, deceptive, and/or misleading "Compare" price representations discussed herein.

AMENDED CLASS ACTION COMPLAINT

117. For example, on October 23, 2014, Horosny purchased a denim vest for $14.99. The denim vest had a price tag on it which had two prices advertised on it: a sale price, and a significantly higher "Compare" reference price. To the best of Horosny's recollection, the "Compare" price was approximately double the sale price, or approximately $30.00.

118. As a further example, October 23, 2014, Horosny purchased a Soccer Polo shirt for $4.98. The Soccer Polo shirt had a price tag on it which had two prices advertised on it: a sale price, and a significantly higher "Compare" reference price. To the best of Horosny's recollection, the "Compare" price was approximately double the sale price, or approximately $10.00.

119. As a further example, October 23, 2014, Horosny purchased a pair of cargo fleece pants for $12.99. The cargo fleece pants had a price tag on them which had two prices advertised on it: a sale price, and a significantly higher "Compare" reference price. To the best of Horosny's recollection, the "Compare" price was approximately double the sale price, or approximately $25.00.

120. Each product Horosny purchased from Defendant was advertised with a price tag which had two prices advertised on it: a sale price, and a significantly higher "Compare" reference price.

121. The "Compare" reference prices were not true, bona fide reference prices as discussed herein – i.e., they did not represent the prices at which a substantial volume of sales of the products Horosny purchased had sold for at other principal retail outlets in California in or about October 2014.

122. When Horosny shopped at Defendant's West Hills, California, Burlington store, he was exposed to, saw, believed, and relied on Defendant's "Compare" price advertising.

123. When Horosny shopped at Defendant's West Hills, California, Burlington store, he was unaware of Defendant's definition or interpretation of the

AMENDED CLASS ACTION COMPLAINT

"Compare" price.  Defendant failed to disclose its definition or interpretation to Horosny or any other Class Member.

124.  The comparison prices on the items purchased by Horosny at Defendant's West Hills, California, Burlingont store, and the corresponding price reductions and/or savings, were false, misleading and/or deceptive.

125.  Horosny is informed and believes, and on that basis alleges, that the prevailing retail prices for the items that he purchased from Defendant were materially lower than the "Compare" prices advertised by Defendant. Horosny reasonably believed that the "Compare" prices associated with the items that he purchased from Defendant were the then prevailing retail prices for the items at other full-price retailers.  He reasonably believed that the "Compare" prices were the prices he would pay for those items at other retailers in his general area.  Horosny would not have purchased any such product from Defendant in the absence of Defendant's false, misleading and/or deceptive advertising, and/or misrepresentations as described more fully herein.

126.  In addition to Horosny's purchase on October 23, 2014, Horosny made numerous other purchases of products from Defendant's West Hills, California, Burlington store throughout the Class Period.  With respect to each such purchase, including the October 23, 2014, purchase, Horosny purchased those products from Defendant after viewing and relying on Defendant's advertising which included false and/or misleading comparison prices placed on the price tags of the items which Horosny purchased. Plaintiffs are informed and believe, and on that basis allege, that the comparison prices, and the corresponding price reductions and/or savings, were false and deceptive.  Plaintiffs are further informed and believe, and on that basis allege, that the prevailing retail prices for the items that he purchased from Defendant were materially lower than the "Compare" prices

AMENDED CLASS ACTION COMPLAINT

advertised by Defendant.  Horosny would not have purchased any such product from Defendant in the absence of Defendant's false, and/or deceptive, and/or misleading advertising, and/or misrepresentations

**Plaintiff Prices Purchases**:

127.   Plaintiff Price purchased numerous products throughout the Class Period from Defendant's Burlington store on Claremont Mesa Blvd., in San Diego, California, in reliance on Defendant's false advertising and false price comparisons, which she would not otherwise have purchased but for Defendant's false advertising and false price comparison scheme as described herein.

128.   With respect to each such purchase, PRICE purchased those products from Defendant after viewing and relying on Defendant's advertising which included false and/or misleading "Compare" comparison prices placed on the price tags of the items which PRICE purchased.  Plaintiffs are informed and believe, and on that basis allege, that the "Compare" comparison prices, and the corresponding price reductions and/or savings, were false and deceptive.  Plaintiffs are further informed and believe, and on that basis allege, that the prevailing retail prices for the items that PRICE purchased from Defendant were materially lower than the "Compare" prices advertised by Defendant.  PRICE would not have purchased any such product from Defendant in the absence of Defendant's false, and/or deceptive, and/or misleading advertising, and/or misrepresentations

## CLASS ACTION ALLEGATIONS

129.   Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

/ / /

/ / /

/ / /

AMENDED CLASS ACTION COMPLAINT

**The Class**:

130. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (the "Class" or "Class Members") against Defendant, namely:

All persons who, while in the State of California, and between July 1, 2011, and the present (the "Class Period"), purchased from Burlington Coat Factory one or more items at any Burlington Coat Factory store in the State of California with a price tag that contained a "Compare" price which was higher than the price listed as the Burlington sale price on the price tag, and who have not received a refund or credit for their purchase(s). Excluded from the Class are Defendants, as well as Defendants' officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of any Defendant.

131. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, among other things, changing circumstances and/or new facts obtained during discovery.

132. Defendant's deceptive, misleading, and/or false comparative price advertising scheme, disseminated to California consumers via representations on the price tags of each of Defendant's items in its California Burlington stores, has been rampant throughout California as part of a massive, years-long, pervasive campaign and has been consistent across all of Defendant's merchandise at each of its stores throughout California. For example, Defendant's pricing scheme has throughout the Class Period been prominently displayed directly on the price tag of each item sold, with express references to alleged comparative prices that have never existed and/or do not, and/or did not then, currently constitute the prevailing market retail prices for such merchandise or prices at which a substantial volume of sales of each such product had been made in California.

AMENDED CLASS ACTION COMPLAINT

133. Plaintiffs and all other Class Members were each exposed to Defendant's deceptive, misleading, and/or false comparative price advertising as described herein.

134. Plaintiffs are informed and believe, and on that basis allege, that hundreds of thousands, of California consumers have been victims of Defendant's deceptive, misleading and unlawful pricing scheme.

135. Plaintiffs Horosny and Price are and have been members of the proposed Class described herein.

136. The number of persons in the proposed Class is so numerous that joinder of all such persons would be impracticable.  While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that the proposed Class herein includes over 100,000 persons.

137. Common questions of law and/or fact exist in this case with respect to the Class which predominate over any questions affecting only individual members of the Clss, which do not vary between members thereof, and which drive the resolution of the claims of Plaintiffs and all other Class Members.

138. The common questions of law and/or fact include, but are not limited to:

    a. Whether products at Burlington stores in California are advertised with "Compare" reference prices;

    b. Whether a reasonable consumer would interpret the term "Compare" as Defendant interprets it;

    c. How a reasonable consumer interprets the term "Compare" on a price tag;

    d. Whether a reasonable consumer is likely to be deceived by Defendant's use of its "Compare" reference prices;

AMENDED CLASS ACTION COMPLAINT

e.  Whether the term "Compare" is susceptible to more than one reasonable interpretation;

f.  Whether the term "Compare" is misleading and/or deceptive;

g.  Whether, during the Class Period, Defendant used false and/or misleading "Compare" prices on the price tags of items sold in its California stores, and whether Defendant falsely advertised comparative price discounts for its merchandise;

h.  Whether, during the Class Period, the "Compare" prices advertised by Defendant were in fact the prevailing market prices for the respective identical items sold by other retailers in the marketplace at the time of the dissemination and/or publication of the advertised "Compare" prices;

i.  Whether, during the Class Period, the "Compare" prices advertised by Defendant were in fact prices at which substantial sales of those products were made at principal retail outlets in California;

j.  Whether Defendant's failure to disclose its interpretation of its "Compare" reference prices violates established legal requirements for disclosures;

k.  Whether Defendant's price tags omit necessary information;

l.  Whether Defendant adequately verified that its "Compare" reference prices meet FTC and/or other legal requirements;

m.  Whether Defendant's price-comparison advertising was false, deceptive or misleading within the meaning of the UCL, FAL, CLRA and/or FTCA;

n.  Whether Defendant's comparative pricing on its "Compare" price tags would be material to a reasonable consumer's purchasing decisions;

o.  Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices under California law;

p. Whether Defendant misrepresented and/or failed to disclose material facts about its product pricing and purported discounts;

q. Whether Defendant has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

r. Whether Class Members are entitled to damages and/or restitution; and, if so, what the proper measure of restitution is; and,

s. Whether Defendant continues to use false, deceptive, misleading and/or unlawful price comparisons such that injunctions are necessary.

139. Plaintiffs' claims and those of all other Class Members arise out of a common course of conduct by Defendant.

140. All Class Members, including the proposed Class representatives, were exposed to Defendant's misrepresentations or omissions of material fact claiming that its "Compare" prices were accurate bona fide comparison prices. Defendant's misrepresentations or omissions of material fact were uniformly made to all respective Class Members. In addition, it can be reasonably presumed that all Class Members, including Plaintiffs, affirmatively acted in response to the representations contained in Defendant's false comparative price advertising scheme when purchasing merchandise at each and any of Defendant's stores in California.

141. The common questions of law and/or fact in this case are susceptible to common proof.

142. Resolution of the common questions of law and/or fact in this case will resolve issues that are central to Plaintiffs' claims and the claims of all other Class Members.

143. The claims of Plaintiffs and all Class Members involve the same untrue, deceptive, and/or misleading representations by Defendant conveyed to each

Class Member by way of representations on the price tags of each product sold to each Class Member.

144. Each Class Members' claim, including those of Plaintiffs, alleges that Defendant's price tags convey a deceptive, misleading, and/or untrue representation that the price at which Defendant offered a product was lower compared to a fictitious, deceptive, or misleading "Compare" price.

145. Common proof in this case will produce a common answer as to whether Defendant's use of "Compare" reference prices complies with legal requirements for the use of such reference prices, and whether Defendant's price-comparison advertising resulted in false, deceptive, or misleading price comparisons.

146. Common proof will resolve the common questions essential to resolution of the Class claims in this case in one stroke for all Class Members.

147. The claims of the named Plaintiffs in this case are typical of, and not antagonistic to, those of the other Class Members which they seek to represent. Plaintiffs and the Class they seek to represent have all been exposed to and deceived (or were likely to be deceived) by Defendant's false comparative price advertising scheme, as alleged herein.

148. The crux of Plaintiffs' claims - that Defendant's price tags on each item in each of its California stores convey false, deceptive, and/or misleading comparative prices as described more fully herein - is common to all Class Members.

149. Plaintiffs' claims, and those of all Class Members, are based on conduct which is not unique to any named Plaintiff.

150. Plaintiffs and all Class Members have been injured by the same common course of conduct by Defendant, and have suffered the same or similar injury, as alleged herein.

AMENDED CLASS ACTION COMPLAINT

151. Disposition of Plaintiffs' claims in a class action will benefit all parties and the Court.

152. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

153. If individual Class Members were each required to bring his or her own individual claims, any potential recovery by any such Class Member would be dwarfed by the cost of litigating on an individual basis.

154. In this case, Plaintiffs seek to recover relatively small sums for themselves and all other Class Members. Accordingly, the disparity between the cost of litigating individual claims and the individual recoveries sought make individual claims highly unlikely, if not impossible. Litigation costs would render individual prosecution of Class Members' claims prohibitive. In cases such as this, where the individual recoveries sought by each Class Member are relatively small and eclipsed by the cost of litigating an individual claim, a class action is the only method by which Class Members may hope to resolve their claims.

155. The prosecution of separate actions by individual members of the proposed Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the proposed Class which would or may establish incompatible standards of conduct for Defendant, and which would also create a risk of adjudications with respect to individual members of the proposed Class herein which would, as a practical matter, be dispositive of the interests of other members of the proposed Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

156. Plaintiffs are each adequate representatives of the Class they seek to represent because each is a member of the Class, and neither Plaintiffs'

interests conflict with the interests of the Class Members they seek to represent. Each Plaintiff will fairly and adequately represent and protect the interest of the Class because no Plaintiffs' interests are antagonistic to the Class. No Plaintiff has any conflict of interest with any other Class Member. Plaintiffs have retained counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation. Plaintiffs and their counsel will prosecute this action vigorously on behalf of the Class.

157. Plaintiffs are informed and believe, and on that basis allege, that Defendant has one or more databases through which a significant majority of Class Members may be identified and ascertained, and that Defendant maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

158. The definition of the proposed Class herein objectively depicts who the members of the Class are, making it administratively feasible to determine whether a particular person is a Member of the Class described herein. Because the alleged misrepresentations in this case (i.e., the false, deceptive, and/or misleading comparative prices) appear on the price tags of each product purchased, there is no concern that the Class may include individuals who were not exposed to Defendant's misrepresentations.

## FIRST CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

(California Business & Professions Code §17200 *et seq.*)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public, against Defendant)

159. Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, all previous paragraphs of this Complaint.

AMENDED CLASS ACTION COMPLAINT

160. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code §17200.

161. Advertising or promotional practices are unlawful under the UCL if a reasonable consumer is likely to be deceived by them.

162. Defendant has violated the "unfair" prong of the UCL by representing false, deceptive, and/or misleading comparative prices and corresponding price discounts and/or savings for merchandise where Defendant, in fact, inflated, estimated, or fabricated the purported "Compare" prices for such products, and failed to disclose to consumers what such "Compare" prices were, such that the promised discount and/or saving was false, misleading and/or deceptive.

163. These acts and practices were unfair because they caused Plaintiffs, and were likely to cause reasonable consumers, to falsely believe that Defendant is, and has throughout the Class Period been, offering value, discounts or bargains from the prevailing market price, value or worth of the products sold that did not, in fact, exist. As a result, purchasers, including Plaintiffs, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This perception has induced reasonable purchasers, including Plaintiffs, to buy such products, which they otherwise would not have purchased.

164. Plaintiffs and all other Class Members were likely to be deceived by Defendants' use of the term "Compare" on the price tags of merchandise at Burlington stores in California.

165. In deciding to purchase merchandise at Defendant's stores, Plaintiffs relied on Defendant's misleading and deceptive representations regarding "Compare" prices. The comparative "Compare" prices placed by Defendant

on the price tags of merchandise at its California stores played a substantial role in each Plaintiff's decisions to purchase the products they purchased from Defendant, and Plaintiffs would not have purchased those items in the absence of Defendant's misrepresentations.  Accordingly, Plaintiffs have suffered monetary loss as a direct result of Defendant's unlawful practices described herein.

166.   The gravity of the harm to Class Members resulting from these unfair acts and practices outweighed any conceivable reasons, justifications and/or motives of Defendant for engaging in such deceptive acts and practices.  By committing the acts and practices alleged above, Defendant engaged in unfair business practices within the meaning of California Business & Professions Code §17200, *et seq.*

167.   Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiffs and all other Class Members.  As such, Plaintiffs requests that this Court cause Defendant to restore this money to Plaintiffs and all Class Members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiffs, the Class described herein, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION

## FRAUDULENT BUSINESS PRACTICES

(California Business & Professions Code §17200 *et seq.*)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public, against Defendant)

168.   Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, all previous paragraphs of this Complaint.

AMENDED CLASS ACTION COMPLAINT

169.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

170.   Defendant's false comparative prices, including, but not limited to, its "Compare" prices placed on the price tags of the products sold in its California Burlington stores, were "fraudulent" within the meaning of the UCL because they deceived Plaintiffs, and were likely to deceive reasonable consumers and Class Members, into believing that Defendant was offering value, discounts or bargains from the prevailing market price, value or worth of the products sold that did not, in fact, exist.  As a result, purchasers, including Plaintiffs, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid.  This perception induced reasonable purchasers, including Plaintiffs, to buy such products from Defendant's stores in California, which they otherwise would not have purchased.

171.   Defendant's acts and practices as described herein have deceived Plaintiffs and were highly likely to deceive reasonable members of the consuming public.  Specifically, in deciding to purchase merchandise at Defendant's stores, Plaintiffs relied on Defendant's misleading and deceptive representations regarding its "Compare" prices.  The comparative "Compare" prices placed by Defendant on the price tags of merchandise at Burlington stores in California played a substantial role in each Plaintiff's decisions to purchase those products, and Plaintiffs would not have purchased those items in the absence of Defendant's misrepresentations.  Accordingly, Plaintiffs have suffered monetary loss as a direct result of Defendant's unlawful practices described herein.

172.   As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiffs and all other Class Members.

AMENDED CLASS ACTION COMPLAINT

Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and/or deceptive conduct.

173. Through its fraudulent acts and practices, Defendant has improperly obtained money from Plaintiffs and all other Class Members.  As such, Plaintiffs request that this Court cause Defendant to restore this money to Plaintiffs and all Class Members, and to enjoin Defendants from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future.  Otherwise, Plaintiffs, the Class they seek to represent, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CAUSE OF ACTION**

**UNLAWFUL BUSINESS PRACTICES**

(California Business & Professions Code §17200 *et seq.*)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public, against Defendants)

174. Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, all previous paragraphs of this Complaint.

175. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

176. The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)) and specifically prohibits false advertisements.  15 U.S.C. §52(a)).

177. Cal. Civ. Code §1770(a)(13), prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

178. Defendant's use of and reference to materially misleading, deceptive, and/or false "Compare" prices on the price tags of merchandise sold to consumers

in California Burlington stores violated and continues to violate the FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a), as well as FTC Pricing Guides.  It also violated and continues to violate Cal. Bus. & Prof. Code §§17200 and 17501, and Cal. Civ. Code §1770(a)(13), by, among other things, advertising false comparative prices that were, in fact, not the prevailing market prices at other retailers in the marketplace at the time of the publication.

179.   As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiffs and other Class Members.  Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

180.   Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiffs and all other Class Members.  As such, Plaintiffs request that this Court cause Defendant to restore this money to Plaintiffs and all Clss Members they seek to represent, and to enjoin Defendant from continuing to violate the UCL, and/or from violating the UCL in the future.  Otherwise, Plaintiffs, the Class they seek to represent, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FOURTH CAUSE OF ACTION

### FALSE ADVERTISING

(California Business & Professions Code §17500 *et seq*.)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public, against Defendants)

181.   Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, all previous paragraphs of this Complaint.

AMENDED CLASS ACTION COMPLAINT

182. The FAL prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

183. The FAL makes it unlawful for a business to disseminate any statement which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

184. Defendant's practice of disseminating allegedly comparative "Compare" prices associated with its merchandise, which were materially greater than the true prevailing prices of those products, and/or not true or verified comparative prices for those products, as alleged more fully herein, was an unfair, deceptive and/or misleading advertising practice because it gave the false impression that the products sold by Defendant regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than they actually were.

185. Defendant's practice of failing to disclose to consumers what the term "Compare" means on the price tags of the merchandise in California Burlington stores, was misleading to Plaintiffs and all other Class Members. Defendant knew, or by the exercise of reasonable care should have known, that reasonable consumers, such as Plaintiffs, would not interpret the statement "Compare" the way Defendant interprets or defines it, or to be a reference to an estimate of what comparable products may have sold for.

186. On each day throughout the Class Period, Defendant, with the intent to induce members of the public to purchase products offered at its California stores, made or caused to be made each of the untrue and/or misleading statements, claims, and/or representations described herein.

187. On each day throughout the Class Period, Defendant, with the intent to induce members of the public to purchase products offered at its California stores, made or caused to be made untrue and/or misleading claims to

AMENDED CLASS ACTION COMPLAINT

consumers throughout California including, but not limited to, the following claims with respect to products offered for sale at California Burlington stores:

    a. That when other merchants offered an identical product for sale, Defendant had previously ascertained and/or determined the price at which substantial sales of that product had been made by principal retail outlets in California.

    b. That the "Compare" price for a product was the price at which other principal retail outlets in California regularly sold that identical product.

    c. That Defendant's sale price for a product was lower than the price at which other principal retail outlets in California regularly sold that identical product.

    d. That Defendant's sale price for a product was a discount from the price at which other principal retail outlets in California regularly sold that identical product.

188. Defendant knew, or by the exercise of reasonable care should have known, that these claims were untrue, deceptive, and/or misleading.

189. In addition to the allegations made above, each of Defendant's statements, claims, and/or representations described herein were untrue, deceptive, and/or misleading because, among other things:

    a. Defendant set "Compare" prices without ascertaining and/or determining the prices at which other principal retail outlets in California regularly sold the identical products;

    b. Defendant's "Compare" prices were fictitious, having been based on something other than the prices at which other principal retail outlets in California regularly sold the identical products;

AMENDED CLASS ACTION COMPLAINT

c. Defendant's "Compare" prices were calculated by using the highest sales price at which another merchant was offering, or had offered, the identical product for sale, instead of the price at which other principal retail outlets in California regularly sold the identical products;

d. A reasonable consumer would not interpret the term "Compare" the way Defendant interprets it; and/or

e. Defendant's "Compare" prices were higher than the lowest price at which a consumer would commonly be able to purchase the identical product at a retail establishment in the consumer's area, and:

    i. Defendant knew that the "Compare" price was higher than the lowest price at which a consumer would commonly be able to purchase the identical product at other retail establishments in the consumer's area; or

    ii. Defendant did not know whether other merchants regularly sold the product at the "Compare" price.

190. When Defendant made or caused to be made the untrue and/or misleading claims, statements, and/or misrepresentations described herein to consumers in California, Defendant failed to adequately disclose the facts pleaded herein.

191. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiffs and all other Class Members.  As such, Plaintiffs requests that this Court cause Defendant to restore this money to Plaintiffs and all other Class Members, and to enjoin Defendant from continuing to violate the FAL, and/or from violating the FAL in the future.  Otherwise, Plaintiffs, the Class they seek to represent, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

///

AMENDED CLASS ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT

(California Civil Code §1750 *et seq*.)

(By Plaintiffs on behalf of themselves and all others similarly situated, and the general public, against Defendants)

192. Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, all previous paragraphs of this Complaint.

193. On each day throughout the Class Period, Defendant, with the intent to induce members of the public to purchase products offered at its California stores, made or caused to be made false and/or misleading claims to consumers throughout California including, but not limited to, the following claims with respect to products offered for sale at its California stores:

    a. The existence and/or amounts of price reductions represented by the difference between Defendant's "Compare" reference price and its sale price; and,

    b. The existence and/or amount of the savings to a consumer purchasing a particular product from Defendant instead of another merchant represented by the difference between Defendant's "Compare" reference price and its sale price.

194. Plaintiffs and each Class Member are "consumers" within the meaning of California Civil Code §1761(d).

195. Defendant's sale of merchandise at its Burlington stores in California to Plaintiffs and other Class Members are "transactions" within the meaning of California Civil Code §1761(e).

196. The merchandise purchased by Plaintiffs and other Class Members at Defendant's stores in California throughout the Class Period are "goods" within the meaning of California Civil Code §1761(a).

AMENDED CLASS ACTION COMPLAINT

197.   Defendant has engaged in unfair methods of competition, and/or unfair and/or deceptive acts or practices against Plaintiffs and other Class Members, in violation of the CLRA, by making false and/or misleading statements of fact concerning the reasons for, the existence of, and/or the amount(s) of price reductions for products sold to Plaintiffs and other Class Members at California Burlington stores throughout the Class Period. Defendant provided false, deceptive, and/or misleading "Compare" prices on the price tags of the merchandise sold in its California stores, and compared those false and/or misleading comparative prices to the prices at which Defendant sold its merchandise, to give the illusion to consumers that they were receiving a discount, or achieving a saving or bargain when compared to the purchase of those same items at other retailers in the consumers' area. The promised discounts, savings, and/or bargains, however, were deceptive, misleading, and/or false.

198.   The price reductions alleged by Defendant to be the difference between the "Compare" prices and Defendant's sale prices did not exist, and were false, deceptive, and/or misleading.

199.   Defendant's acts and/or practices described herein are in violation of California Civil Code §1770(a)(13).

200.   As a result of Defendant's acts and/or practices described herein, Plaintiffs and other Class Members have been damaged in that Defendant's unlawful, false and/or misleading acts and/or practices described herein played a substantial and material role in each Plaintiff's and other Class Members' decisions to purchase products at Defendant's Burlington stores in California.  Absent these acts and/or practices, Plaintiffs and other Class Members would not have purchased the products that they did from Defendant.

AMENDED CLASS ACTION COMPLAINT

201.    Pursuant to California Civil Code §1780(a)(2), Plaintiffs, on behalf of themselves and all other Class Members, request that this Court enjoin Defendant from continuing to engage in the unlawful and deceptive methods, acts and/or practices alleged herein.  Unless Defendant is permanently enjoined from continuing to engage in such violations of the CLRA, California consumers will continue to be damaged by Defendant's acts and/or practices in the same way as those acts and/or practices have damaged Plaintiff and other Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of all Class Members, pray for judgment against Defendant as follows:

## CLASS CERTIFICATION

1.    That the Court certify the Class herein to proceed as a class action pursuant to Fed. R. Civ. Proc. 23(b)(1), 23(b)(2) and/or 23(b)(3), adjudge Plaintiffs Horosny and/or Price to be adequate representatives of the Class, and appoint Plaintiffs' counsel as class counsel for the Class.

## VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200 *et seq*., and 17500 *et seq*.:

2.    A judgment awarding Plaintiffs and all Class Members restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits, or some portion of profits, and/or unjust enrichment that Defendant obtained from Plaintiffs and the Class as a result of the unlawful, unfair and/or fraudulent business practices described herein.

3.    An order enjoining Defendant from continuing to violate the UCL and/or FAL as described herein, and/or an order enjoying Defendant from violating the UCL and/or FAL in the future.

AMENDED CLASS ACTION COMPLAINT

4.    A judgment awarding Plaintiffs their costs of suit, including reasonable attorneys' fees pursuant to California Code of Civil Procedure §1021.5 and as otherwise permitted by statute or law, and pre- and post-judgment interest; and,

5.    For such other and further relief as the Court may deem proper.

**VIOLATION OF CIVIL CODE §1770:**

6.    An order enjoining Defendant from continuing to violate the CLRA as described herein, and/or an order enjoying Defendant from violating the CLRA in the future;

7.    A judgment awarding Plaintiffs their costs of suit, including reasonable attorneys' fees pursuant to California Civil Code §1780(d) and as otherwise permitted by statute, and pre- and post-judgment interest; and,

8.    For such other and further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all claims so triable.

Dated: September 17, 2015          By: LAW OFFICE OF CHRISTOPHER J. MOROSOFF

_/s/ Christopher J. Morosoff_
CHRISTOPHER J. MOROSOFF,
Attorneys for Plaintiffs

AMENDED CLASS ACTION COMPLAINT