FILED
CLERK, U.S. DISTRICT COURT

January 26, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_VPC\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JAMES HOROSNY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>BURLINGTON COAT FACTORY OF CALIFORNIA, LLC,<br><br>　　　　　Defendants. | Case No. 2:15-cv-05005-SJO-MRWx<br><br>**CLASS ACTION**<br><br>**ORDER PRELIMINARLY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**<br><br>Courtroom: 10C<br>Judge:　　Hon. S. James Otero |

This matter has come before the Court, initially pursuant to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Motion for Certification of Settlement Class ("Motion"), filed on September 20, 2016 (ECF#61), and then pursuant to the Parties' December 28, 2016, Request for a "Special Hearing re Order on Motion for Settlement" and "Joint Request for Status Conference" ("Request for Special Hearing") which attached a copy of the Amended Settlement Agreement and all exhibits thereto (ECF#71).

On January 20, 2017, the Court held a hearing to address the concerns it expressed in its Order dated October 27, 2016, which denied certain aspects of the motion for preliminary approval (ECF#65). After lengthy discussion between counsel for the Parties and the Court, focusing on the terms of the Amended Settlement Agreement, and whether such terms are fair and adequate to Class Members, the Court granted preliminary approval of the Settlement.

The Court, having considered the Motion, as well as the accompanying memorandum of points and authorities, declarations of Christopher J. Morosoff (dated September 19, 2016), Douglas Caiafa, Marisa Miloszewski, Gregory Camaratta, Elizabeth Trivino-Velasco, and Daniel Burke, as well as the Settlement Agreement between Plaintiffs James Horosny and Jennifer Price ("Plaintiffs") and Defendant Burlington Coat Factory of California, LLC ("Burlington" or "Defendant"), and having held a conference with counsel for the Parties on January 20, 2017, having considered the arguments and views of counsel for the Parties, and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Settlement appears fair, reasonable and adequate, and that a hearing should and will be held after Class Notice has been provided to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement should be entered;

-1-

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT:

The terms of the Amended Settlement Agreement including all exhibits thereto, which is attached as an exhibit to the parties' Request for Special Hearing, are preliminarily approved as fair, reasonable and adequate, are sufficient to warrant sending notice to the Class, and are subject to further consideration thereof at the Final Approval Hearing referenced below. This Order incorporates herein the Amended Settlement Agreement, and all of its exhibits and related documents. Unless otherwise provided herein, the terms defined in the Amended Settlement Agreement shall have the same meanings in this Order. The Amended Settlement Agreement was entered into only after months of extensive arm's length negotiations by experienced counsel and with the assistance and oversight of mediator Jeffrey Krivis. The Court finds that the Settlement is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in the Amended Settlement Agreement and this Order. The Court further finds that the Amended Settlement Agreement does not improperly grant preferential treatment to either Class Representative, and it has no obvious deficiencies. In making these determinations, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the Litigation.

## II. CERTIFICATION OF SETTLEMENT CLASS:

The Settlement is contingent on the Court certifying a Settlement Class for settlement purposes only. The Court finds that all of the requirements of Rules 23(a) are satisfied, and that the requirements of Rule 23(b)(3) are also met here.

Specifically, the Court finds that: (a) the number of Settlement Class Members is so numerous that their joinder in one lawsuit would be impractical; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class

-2-

Representatives are typical of the claims of the Settlement Class Members they seek to represent; (d) the Class Representatives and Class Counsel – the Law Office of Christopher J. Morosoff and Douglas Caiafa, APLC – have fairly and adequately represented the interests of the Settlement Class; and (e) the questions of law or fact common to the Settlement Class predominate over any questions affecting individual Settlement Class Members.

Accordingly, the Court hereby certifies the following Settlement Class:

All persons who purchased one or more product(s) that were advertised with a "Compare At" price and an "Our Low" price or simply a lower price at a Burlington store in California and/or on its e-commerce website and had product(s) shipped to a California address between July 1, 2011, and the date Preliminary Approval of this Settlement is granted.

Excluded from the Class are: (a) officers and directors of Burlington and its corporate parents, subsidiaries, affiliates, or any entity in which Burlington has a controlling interest, and the legal representatives, successors, or assignees of any such excluded persons or entities; and (b) the Court.

The Court hereby affirms appointment of the Law Office of Christopher J. Morosoff and Douglas Caiafa, APLC, as Class Counsel for the Settlement Class.

The Court hereby affirms appointment of James Horosny and Jennifer Price as Class Representatives for the Settlement Class.

If the Settlement is not finally approved by the Court, or for any reason the Final Order and Final Judgment are not entered as contemplated in the Amended Settlement Agreement, or the Settlement is terminated pursuant to its terms for any reason or the Settlement Effective Date does not occur for any reason, then:

1. All orders and findings entered in connection with the Amended Settlement Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

2. The certification of the Settlement Class pursuant to this Order shall be vacated automatically and the Action shall resume with the same procedural posture it had prior to entry of this Order;

3. All of the Court's prior Orders, subject to this Order, remain in force and effect.

## III. NOTICE TO CLASS MEMBERS:

The Court has considered the form and manner of providing Notice as contemplated in the Amended Settlement Agreement and proposed in the Motion and finds that the Notice and methodology as described in the Amended Settlement Agreement and in the Declaration of Daniel Burke filed in support of the Motion: (a) meet the requirements of due process and Rules 23(c) and (e) of the Federal Rules of Civil Procedure; (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the Constitutional requirements regarding notice. In addition, the forms of notice attached as Exhibits A, B, C, D, E, F, G and H to the Amended Settlement Agreement (a) apprise Settlement Class Members of the pendency of the Action, the terms of the proposed settlement, and their rights and deadlines under the Settlement; (b) are written in simple terminology; and (c) are readily understandable by Settlement Class Members.

The Court approves, as to form and content, the Email Notice, the Merchandise Certificate and Post-Card Notice, the Summary In-Store Notice, the Class Notice and the Summary Publication Notice. The Court further approves the establishment of the Settlement Website as provided in the Amended Settlement Agreement. The website shall provide Class Members with access to important Settlement documents,

-4-

including the full Class Notice, Claim Form, Cash Redemption Form, and Opt-Out Form, as well as instructions on how to submit a Claim Form.

The Court hereby orders that the Merchandise Certificates and Post-Card Notice be sent to Settlement Class Members no later than thirty (30) days following the date of this Order, and the Summary Publication Notice be published in the manner described in the Declaration of Daniel Burke no later than thirty (30) days following the date of this Order. All reasonable effort shall be made to accomplish the notice process as expeditiously as possible.

The Court appoints KCC LLC as the Claims Administrator. Responsibilities of the Claims Administrator are found in the Amended Settlement Agreement.

## IV. REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS:

Any Settlement Class Member who wishes to exclude himself or herself from this Settlement and from the release of claims pursuant to the Settlement shall submit an Opt-Out Form. For an Opt-Out Form to be accepted, it must be timely and valid. To be timely, it must be postmarked no later than ninety (90) days after the date notice is disseminated. To be valid, the Opt-Out Form must be signed and dated. Opt-Out Forms shall be available for download from the Settlement Website and, upon request by a Settlement Class Member, made available by the Claims Administrator through email or United States First Class Mail.

Settlement Class Members who timely and validly exclude themselves from the Settlement Class shall not be bound by the Settlement, or the Final Order and Final Judgment. If a Settlement Class Member files an Opt-Out Form, he/she may not assert an objection to the Settlement. The Claims Administrator shall provide copies of any Opt-Out Forms to Class Counsel and Defendant's Counsel as provided in the Amended Settlement Agreement.

Any Settlement Class Member who does not properly and timely exclude himself/herself from the Settlement Class shall remain a Settlement Class Member

-5-
ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND
CERTIFYING SETTLEMENT CLASS

and shall be bound by all the terms and provisions of the Amended Settlement Agreement and the Final Order and Final Judgment, whether or not such Class Member objects to the Settlement or submits a Claim Form.

## V. **OBJECTIONS**:

A Settlement Class Member who wishes to object to the Settlement must notify the District Court of his or her objection, in writing, no later than ninety (90) days of notice being disseminated. To be considered valid, an objection must be in writing, must include the objector's name and address, and must include the basis for the objection (including why the objector believes the Settlement is not in the best interests of the Settlement Class), along with any and all documents that support the objection. The objection must also indicate whether or not the objector intends to appear at the hearing on the motion for final approval of the Settlement. The objection must be filed with the Court on or before the deadline. Objections that fail to satisfy these requirements or to satisfy any other requirements found in the Class Notice shall not be considered by the Court.

Settlement Class Members who do not file a timely written objection in accordance with the procedures set forth in the Amended Settlement Agreement and the Class Notice shall be deemed to have waived any objections to the Settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, including, without limitation, the fairness, reasonableness, or adequacy of the Settlement, the form and manner of Notice, or any award of Attorneys' Fees and Costs, reimbursement of costs and expenses and/or any Class Representative Payment.

## VI. **FINAL APPROVAL HEARING**:

The Final Approval Hearing will be held on July 24, 2017, at 10:00 a.m. (Pacific Standard Time) before this Court, at the United States District Court, Central District of California, Courtroom 10C, 350 W. First Street, Los Angeles, California

90012, to consider, *inter alia*, the following: (a) whether the Settlement should be finally approved as fair, reasonable and adequate; (b) Class Counsel's application for attorneys' fees and expenses; and (d) Plaintiffs' request for Class Representative Payments.

The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or on the Settlement Website.

## VII. STAY OF LITIGATION:

Pending the Final Approval Hearing and the Court's decision whether to finally approve the Settlement, all proceedings in the Action, other than proceedings necessary to carry out or enforce the Amended Settlement Agreement or this Order, are stayed and suspended, until further order from this Court.

## VIII. OTHER PROVISIONS:

The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Amended Settlement Agreement.

The deadlines set forth in this Order, including, but not limited to, the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class Members – except that notice of any such extensions shall be included on the Settlement Website. Settlement Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Amended Settlement Agreement, including making, without further approval of the Court, minor changes to the Amended Settlement Agreement, to the form or content of the

-7-

Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

**IT IS SO ORDERED**

Dated: January 26, 2017

*S. James Otero*

HON. S. JAMES OTERO
United States District Judge